# Thompson *v.* The State.

*Indictment for Manslaughter.*

1. *Homicide by unlawful act.*—Where defendant was racing his horse along a public highway and collided with deceased, who was riding a mule, from which collision the death of deceased resulted, the homicide thus caused may be manslaughter in the second degree, regardless of whether the running was furiously reckless and grossly negligent.

2. *Charge; argumentative.*—A charge directing that before the jury can find the defendant guilty, they must be satisfied to a moral certainty not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion, and that unless they are so convinced by the evidence of defendant's guilt, that they would venture to act upon that decision in matters of the highest concern and importance to their own interest, they must find the defendant not guilty, is argumentative, and properly refused.

3. *Same; confusion; misleading.*—A charge that "a reasonable doubt is just such a doubt for which a reason may be assigned" is confusing and misleading.

4. *Averment of intention.*—Where an indictment for manslaughter avers an intentional killing, to authorize a conviction of manslaughter in the second degree it is not necessary to prove the averment of intention.

5. *Charge; misleading in tendency.*—On an indictment for manslaughter, a charge which instructs the jury that if they have a reasonable doubt as to the proof of any material allegation of the indictment, they must acquit the defendant, though not positively bad, is misleading in tendency, and, therefore, properly refused.

6. *Same; criminal intent implied from negligence.*—On an indictment for manslaughter, where defendant is convicted of manslaughter in the second degree, a charge is not injurious to defendant that directs the jury that negligence may be so gross as to imply criminal intent, and thus raise the degree of manslaughter to the first degree.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. O. KYLE.

[Thompson v. The State.]

The appellant was tried under an indictment which charged that "before the finding of this indictment, Dan Thompson unlawfully and intentionally, but without malice, killed James Carter by running with a horse against a mule on which said Carter was riding, thereby knocking said Carter from his said mule upon the ground, killing him as aforesaid," was convicted of manslaughter in the second degree, and sentenced to one year's hard labor for the county.

On the trial of the cause the evidence for the State tended to show that the defendant was racing his horse along the public road, in Madison county, and that while so racing he ran against a mule that was ridden by the deceased, and thereby knocked the mule down and said mule fell on the deceased, the injury resulting in the death of the deceased.

The evidence for the defendant tended to show that he was not racing along the public road, that his horse took fright while he was riding and was running away with him, and that as it was dark he did not see said Carter, who was riding the mule, before his horse ran into him.

At the request of the State the court gave to the jury the following written charges: (1.) "I charge you, gentlemen, that every man is presumed to intend the results reasonably resulting from his own acts." (2.) "I charge you, gentlemen, that negligence may be so gross as to imply original intent, and thus raise the degree of manslaughter to the first degree." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following charges requested by him: (2.) "I charge you, gentlemen of the jury, that a reasonable doubt is just such a doubt for which a reason can be assigned." (4.) "Gentlemen of the jury, I charge you that if you believe the evidence you will find the defendant not guilty". (5.) "And I further charge you, that if there is any one material fact inconsistent with the guilt of the defendant, he must be acquitted." (8.) "I further charge you that if you, or either of you, have a reasonable doubt as to the proof in this case of any material

allegation of the indictment, you must acquit the defendant." (14.) "I further charge you that before you can find the defendant guilty you must be satisfied to a moral certainty not only that the proof is consistent with the guilt of the defendant, but it is wholly inconsistent with every other rational conclusion; and unless you are so convinced by the evidence of the defendant's guilt, that you would each venture to act upon that decision in matters of the highest concern and importance to your own interest, you must find the defendant not guilty." (15.) "Gentlemen of the jury, even if you believe from the evidence that although the defendant was running his horse at an unusual speed along the public highway at night and that his horse ran against the mule of the deceased, Jim Carter, and thereby caused the death of the said Carter, yet, unless from all the evidence you believe beyond a reasonable doubt and to a moral certainty that the defendant was running his horse at such a furious and reckless rate of speed so as to be grossly negligent of the consequence to the lives of others, then you should find the defendant not guilty."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—Horse-racing along a public road is unlawful and if the homicide was caused by such unlawful act it may have amounted to manslaughter in the second degree regardless of whether the running was furious, reckless and grossly negligent. For this reason charge 15 was properly refused.

Charges 14 and 2 were both bad under the authority of this court's recent decisions. As to 14 see *Amos v. State*, 123 Ala. 50, *Rogers v. State*, 117 Ala. 9. As to 2, see *Avery v. State*, 124 Ala. 20 and like decisions therein cited.

To authorize a conviction of manslaughter in the second degree the averment of intention was not necessary to be proved. Therefore, charge 8, if not positively bad, was misleading in tendency. Charge 4 was obviously bad.

[Jackson v. The State.]

Since the conviction was only for manslaughter in the second degree the charges given for the State on the subject of intention were not injurious to defendant. This on the same principle that charges relating to malice are held innocuous where the conviction is of manslaughter. See authorities cited 1 Mayfield's Dig., 45, § 165.

Affirmed.