# Goodman v. The State.

### Murder.

(Decided September 7, 1916.  72 South. 687.)

1. **Criminal Law; Pleading; Insanity; Time.**—Under § 7176, Code 1907, the right to plead insanity, after arraignment and plea of not guilty, is addressed to the sound discretion of the trial court, and is not abused by requiring as a condition that an affidavit of merit be made.

2. **Charge of Court; Abstract.**—Where the question of insanity was not at issue, charges predicated thereon are abstract.

3. **Homicide; Instructions.**—A charge that it is for the jury to determine from the facts whether the killing is deliberate or premeditated, and it is not a presumption of law from the use of a deadly weapon, is properly refused as being elliptical or involved.

4. **Same.**—Where a defendant was convicted of a lesser degree than murder in the first degree, the refusal of charges as to deliberation or premeditation, was harmless.

5. **Same; Degree; Intent.**—Where one commits a felonious assault in its nature calculated to produce death and resulting in death, though without intention to take the life of the victim, he may be convicted of murder or manslaughter in the first degree, as the case may be.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Henry Goodman was convicted of murder in the second degree, and appeals. Affirmed.

The matters sufficiently appear as to charges A, B, and C. The other charges refused defendant are as follows:

(8) I charge you, gentlemen of the jury, that it is for you to determine from the facts whether the killing is deliberate or premeditated, and it is not a presumption of law from the use of a deadly weapon.

(10) If the evidence in this case is such as to raise in your minds a reasonable doubt that at the time the fatal shot was fired the defendant did not fire it with the intention of depriving Geneva Goodman, or her mother, of life, then you cannot find the defendant guilty of manslaughter in the first degree.

TOMPKINS & KIRKPATRICK, for appellant. W. L. MARTIN, Attorney General, and NORBORNE R. CLARKE, Solicitor, for the State.

EVANS, J.—This appeal is prosecuted from a judgment of conviction of murder in the second degree. Appellant was arraigned on February 18, 1915, his counsel being present, and pleaded not guilty. About two months thereafter his attorneys filed a motion for leave to withdraw the plea of not guilty and to interpose a special plea of not guilty by reason of insanity. The court denied this motion, but before doing so announced, as we are informed by the bill of exceptions, that it would feel constrained to allow the motion if counsel would submit an affidavit or affidavits in support thereof and showing that the special plea possessed merit. No affidavits were submitted, and we are asked to review the action of the court in not permitting appellant to file his special plea.

(1) Code section 7176 provides that the defense of insanity "must be by special plea, interposed at the time of arraignment." The right to plead an additional plea after arraignment is not absolute, but a matter addressed to the sound discretion of the court, and its action is not revisable on appeal.—*Morrell's Case,* 136 Ala. 44, 34 South. 208; *Gordon's Case,* 147 Ala. 42, 41 South. 847; *Rohn's Case,* 186 Ala. 5, 65 South. 42. Conceding that a plain abuse of discretion is reviewable, the position of appellant is not aided, as it is not made to appear that the court abused its discretion.

We have carefully examined the testimony, and find no reversible error therein.

(2-4) Appellant's written requests to charge, designated A, B, and C, respectively, were properly refused. They are predicated on insanity, and, that question not being in issue, they are abstract. Charge No. 8, requested by appellant, was inartificially drawn. It appears to be elliptical, but if intended as set out in the transcript, and it can be said that the word "it," in

[Thomas v. The State.]

the phrase "it is not a presumption of law from the use of a deadly weapon," has reference to deliberation or premeditation, then the proposition announced would be true. However, in any aspect, the court properly refused this request, as it is either elliptical or involved; and, were this not true, the error, if any, would still be without injury, as defendant was acquitted of murder in the first degree under the verdict for a lesser degree.

(5) Charge No. 10, requested by appellant, was properly refused. It did not correctly instruct as to the principles applicable under the evidence. Upon the commission of a felonious assault, in its nature calculated to produce death and as a result of which death does ensue, the assailant may be convicted of either murder in the second degree or manslaughter in the first degree, as the case may be, even though the assailant did not intend to take the life of his victim.—See *Nutt's Case,* 63 Ala. 180; *Lewis' Case,* 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; *Rector's Case,* 11 Ala. App. 333, 347, 66 South. 857, 862.

We find no reversible error in the record, and the judgment of the court below is accordingly affirmed.

Affirmed.