(108 So. 93)

COCKRELL et al. v. STATE.　(6 Div. 460.)

(Court of Appeals of Alabama. Jan. 20, 1925. Rehearing Denied Feb. 17, 1925.)

1. Criminal law ⬥═830—Defendant's requested charge relating to proof of guilt held properly refused as written.

Defendant's requested charge that before he could be convicted jury was required to be convinced of his "doubt," beyond a reasonable doubt and to a moral certainty, was properly refused in view of Code 1907, § 5364; duty of trial court being to give or refuse charges requested in writing in terms in which written.

2. Jury ⬥═110(17) — Competency of jurors waived where it' might have been ascertained by proper and timely inquiry.

Competency of three jurors to try defendants for larceny of automobile because serving on a jury acquitting another defendant of same offense was waived, where their counsel participated without objection in striking of struck jury, and competency of jurors might have been ascertained by proper and timely inquiry.

3. Criminal law ⬥═1166½(6)—That some of jurors trying defendants for larceny served on jury acquitting another defendant of same offense held harmless.

That some of jurors trying defendants for larceny served on jury acquitting another defendant of same offense was harmless, where evidence did not show that, because such defendant was innocent, these defendants were guilty, and under evidence jury might have found any one or more of defendants guilty.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

H. G. Cockrell and Allen Ware were convicted of grand larceny, and they appeal. Affirmed.

This charge was refused to defendants:

The court charges you, gentlemen of the jury, that before you can convict a man of either of the charges in the indictments in these two cases, you must be convinced of his doubt beyond a reasonable doubt and to a moral certainty.

Altman & Taylor, of Birmingham, and Fred. G. Koenig, of Columbiana, for appellants.

A juror who has formed an opinion as to defendants' guilt is incompetent. 35 Cyc. 348; Wickard v. State, 109 Ala. 45, 19 So. 491.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

PER CURIAM. The appellants were convicted of grand larceny.

The exceptions reserved to the admission of evidence are obviously without merit.

The evidence was sufficient, if believed by the jury beyond a reasonable doubt, to justify the verdict of guilty.

[1] The written charge requested by the defendants was properly refused. It was inaptly drawn. Evidently the word "doubt," where it first appears in the charge, should have been written "guilt." This court cannot substitute "guilt" for "doubt." It was the duty of the trial judge to give or refuse charges requested in writing in the terms in which they were written. Section 5364, Code 1907, and authorities cited.

[2] The evidence introduced on the hearing of the motions for a new trial reveals:

(1) That the defendants H. G. Cockrell and Allen Ware, and one A. W. Willis, were indicted separately for the larceny of an automobile. The evidence on the trial tended to show that the defendants were riding on the front seat of the stolen car and A. W. Willis was riding on the rear seat.

(2) That three jurors who sat on the jury that acquitted Willis were on the jury that convicted Cockrell and Ware.

(3) That Mr. Luther Patrick, the attorney who represented the defendants on the trial and who selected the jury to try the defendants, was not present when the said Willis was tried and did not know that three jurors whom he selected as a part of the jury to try the defendants had served on the jury that acquitted Willis, who was charged with the same offense with which the defendants were charged. The testimony of Mr. Patrick was as follows:

"I represented Allen Ware and H. G. Cockrell in the cases in which they were tried for grand larceny. We had a struck jury and I selected the jury. I was not present during the Willis trial. I did not know that John F. Carlisle, Frank R. Kelley, and W. G. Mushat served on the Willis case. I got hold of the wrong check. I did not know, I think, until I was just about through striking the jury, that these men had served on the other case; anyway, I let it go as it stood—I found it out in the course of my striking. I was unable to get ahold of Mr. Taylor and see the list of jurors who served in the Willis case. I secured a list from somebody and asked them if the ones they had marked were the ones that served in the Willis case, and upon their assuring me that they were, I struck all of those that were

marked; but I found later that I had not secured the right one. I would not have taken any jurors that sat on the Willis case if I had known it. I did not ask the court or any of the jurors whether they had sat on the Willis case. I thought I had struck off all who served on the Willis case, relying on my list. I knew that Willis had been acquitted the day before."

A party who participates without objection in the striking of a struck jury waives any objection to the competency of the jurors composing it which might have been ascertained by a proper and timely inquiry. 24 Cyc. p. 326, par. 12.

[3] Moreover, the evidence was not of such sort that the jury must conclude if Willis were innocent the defendants were guilty. The three were riding in a stolen automobile, the defendants on the front seat, and Willis on the back seat; under the evidence the jury may have found any one or more of them guilty of the larceny.

The motion for a new trial was properly overruled.

We find no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.

NOTE.—The foregoing opinion was prepared by FOSTER, J., before his retirement from the Court of Appeals, and has been adopted by the court.