(109 So. 282)

CRISP v. STATE.  (6 Div. 560.)

(Court of Appeals of Alabama.  Oct. 27, 1925. Rehearing Denied Jan. 12, 1926.  After Mandate, May 25, 1926.  Rehearing Denied June 29, 1926.)

**1. Negligence ☞6.**

Violation of statute or ordinance is negligence per se.

**2. Homicide ☞125.**

Homicide may result from carelessness of such low degree or trivial character in performance of lawful act as not to involve criminality.  (Per Bricken, P. J.)

Extended Opinion.

**3. Criminal law ☞338(7).**

In homicide prosecution, admission of evidence that deceased was in army and merely at home on furlough *held* error.  (Per Bricken, P. J.)

**4. Automobiles ☞357—Refusal of instruction that "mere negligence," in operating automobile would not support conviction of second degree manslaughter held error.**

In prosecution for second degree manslaughter by striking deceased with automobile, refusal to instruct that mere negligence is not basis for finding accused guilty of second degree murder, *held* error; "mere negligence" being simple or bare negligence and no more.  (Per Bricken, P. J.)

**5. Automobiles ☞346—Deceased held negligent, if he entered highway and attempted to cross without looking and without reasonable excuse for not doing so.**

If one for whose killing defendant was charged with manslaughter came from place of safety between two parked automobiles on a much traveled highway and without reasonable excuse attempted to cross without looking for approaching vehicles, he was negligent.  (Per Bricken, P. J.)

**6. Automobiles ☞344.**

To justify conviction for manslaughter in second degree in striking deceased with automobile, state must prove beyond reasonable doubt that defendant was guilty of more than simple negligence.  (Per Bricken, P. J.)

**7. Automobiles ☞346.**

Driver of automobile on much traveled highway has right to presume that no adult will rush out suddenly before him from between two parked automobiles.  (Per Bricken, P. J.)

**8. Automobiles ☞344—Driver of automobile becoming frightened and losing control of himself, which is sole cause of killing, cannot be held liable for manslaughter.**

If automobile driver becomes so frightened when deceased rushes unexpectedly into street before him that he is unable to avoid striking him, and deceased's death is solely due to fright of driver and his losing control of himself, he cannot be held liable for manslaughter.  (Per Bricken, P. J.)

**9. Criminal law ☞554.**

Accused is presumed to have testified truthfully, and it is duty of jury to reconcile his testimony and that of other witnesses with presumption of innocence, if they reasonably can.  (Per Bricken, P. J.)

**10. Criminal law ☞720(9)—Argument of prosecutor that deceased, struck by automobile of accused who was violating speed regulations, had been wantonly killed, held error (Motor Vehicle Law [Laws 1911, p. 642], § 21); "wantonness."**

In prosecution for manslaughter in second degree, in striking deceased with automobile while violating speed regulations, contained in Motor Vehicle Law, § 21, and city ordinance, argument of special prosecutor that deceased was wantonly killed, *held* error, in absence of evidence of "wantonness," which is a higher

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

degree or more aggravated form of misconduct than negligence. (Per Bricken, P. J.)

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonness.]

Rice, J., dissenting on original hearing.

Samford, J., dissenting in part from extended opinion.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

B. W. Crisp was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded after mandate from Supreme Court.

Certiorari granted by Supreme Court in Crisp v. State, 109 So. 287, as to first opinion.

These charges were refused to defendant:

"(12B) If you believe from the evidence in this case that First avenue, at the point where the deceased was struck, was a muchly traveled highway by motor vehicles, and that this was open to ordinary observation, and that the deceased came from a place of safety on the sidewalk between two parked automobiles onto the highway and attempted to cross it without looking for approaching motor vehicles, and that he had no reasonable excuse for not looking, then such conduct on the part of the deceased was negligence."

"(17) In order to make out a case against the defendant that would authorize you to find him guilty as charged, the court charges the jury that it is incumbent upon the state to satisfy the jury from the evidence in the case beyond a reasonable doubt, that the defendant was guilty of something more than simple negligence merely on the occasion complained of."

"(24) The court charges the jury that under the evidence in this case any person operating an automobile at the point where the deceased was killed had the right to presume that no adult person would rush out suddenly from between two parked automobiles in dangerous proximity to an approaching automobile."

"(27) If you believe from the evidence in the case that, on the occasion of the deceased's death, the defendant became so frightened as that he was unable to avoid striking the deceased, and that the accident would have been averted had the defendant not become frightened, and that the deceased's death was the sole proximate result of the defendant becoming frightened and losing control of himself, then you must find defendant not guilty."

"(29) The court charges the jury that the law presumes that the defendant has testified truthfully in this case, and that it is your duty to reconcile his testimony and the testimony of all the other witnesses in the case with the presumption that he is innocent, if you can reasonably do so."

Horace C. Wilkinson, of Birmingham, for appellant.

The oral charge of the court was in error. People v. Barnes, 182 Mich. 179, 148 N. W. 400; Dunville v. State, 188 Ind. 373, 123

N. E. 689; State v. Campbell, 82 Conn. 671, 74 A. 927, 135 Am. St. Rep. 293, 18 Ann. Cas. 236. One who accidentally kills another is not guilty of crime. Barnes v. State, 134 Ala. 36, 32 So. 670; 29 C. J. 1056. Charge 30 was correct, and should have been given. 29 C. J. 1154; State v. Tankersley, 172 N. C. 955, 90 S. E. 781, L. R. A. 1917C, 533; 27 Cyc. 482.

Harwell G. Davis, Atty. Gen., Lamar Field and Thos. E. Knight, Jr., Asst. Attys. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

Where one by his negligence contributes to the death of another, he is criminally liable. White v. State, 84 Ala. 421, 4 So. 598. For definition of manslaughter, see Estes v. State, 18 Ala. App. 606, 93 So. 217; Johnson v. State, 94 Ala. 41, 10 So. 667; Anderson v. State, 18 Ala. App. 429, 93 So. 68. The oral charge of the court must be taken as a whole, and when so taken there is no error in the portion excepted to. Holladay v. State, 20 Ala. App. 76, 101 So. 86; Roberson v. State, 18 Ala. App. 634, 94 So. 132; Reed v. State, 18 Ala. App. 371, 92 So. 513; Ex parte Cowart, 201 Ala. 525, 78 So. 879; Bailum v. State, 17 Ala. App. 679, 88 So. 203. Charge 30 does not state a correct proposition of law. Johnson v. State, 94 Ala. 35, 10 So. 667; McBride v. State, 20 Ala. App. 434, 102 So. 728; Fitzgerald v. State, 112 Ala. 34, 20 So. 966; Benjamin v. State, 121 Ala. 26, 25 So. 918. Evidence of deceased's occupation was admissible. Anderson v. State, 209 Ala. 36, 95 So. 179; Sampson v. State, 19 Ala. App. 671, 100 So. 305.

BRICKEN, P. J. The appellant was charged with and convicted of manslaughter in the second degree.

The indictment charges that the appellant unlawfully, but without malice or intention to kill, killed Elmer Paul Jacobs by negligently running over, upon, or against him with an automobile, against the peace and dignity of the state of Alabama.

A jury fixed the appellant's punishment at hard labor for the county for five months, and the appellant brings the case here for review.

In his oral charge to the jury, the learned trial judge instructed them as follows:

"Now, is he guilty or not guilty as charged in the indictment? The evidence here tends to show that the deceased was killed by this defendant striking him or running over him with an automobile or truck, an auto truck. Did he violate the law when he ran upon him or ran over him with the truck? Was he violating the law at that time? Was he running at a greater rate of speed than the law permitted him to run? If he was, he would be guilty as charged in the indictment."

# CRISP v. STATE

451

(21 Ala.App.)

The appellant reserved an exception to the following part of said charge:

"Was he running at a greater rate of speed than the law permitted him to run? If he was, he would be guilty as charged in the indictment."

It is now urged by appellant (1) that the mere violation of a speed ordinance, without more, by the operator of an automobile, is not sufficient to support a conviction of manslaughter in the second degree; (2) that the portion of the charge, to which exception was reserved, eliminated all questions of the proximate cause of the killing, and eliminated appellant's theory of an unavoidable accident; and (3) makes a mistake in judgment on the part of appellant amounting to crime.

Section 21 of the Motor Vehicle Law (Acts 1911, p. 642), in force and effect at the time this appellant was indicted and convicted, provides as follows:

"Speed permitted: No person shall operate a motor vehicle upon the public highways of this state recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property, or the life or limb of any person; provided that a rate of speed in excess of thirty miles per hour for a distance of a quarter of a mile shall be presumed evidence of traveling at a rate of speed which is not careful and prudent."

An ordinance of the city of Birmingham, referred to in the oral charge of the trial court, of which the courts of the state are required to take judicial notice, in section 42, provides:

"It shall be unlawful for any person to drive or cause to be driven any motor vehicle upon any public highway in the city of Birmingham at a greater rate of speed than the following:
"(a) At or over any street intersection, 12 miles per hour.
"(b) Between intersections in the loop area, 18 miles per hour.
"(c) Elsewhere, other than places enumerated under (a) and (b) of this section, 25 miles per hour; and it shall be unlawful for any person to so operate any motor vehicle upon the highways in the city of Birmingham as to be unable to prevent striking any pedestrian or vehicle upon such highway."

The concrete question is thus presented to this court by the exception to the court's oral charge: Does the violation of a speed regulation, without more, resulting in the death of a person on a highway, constitute manslaughter in the second degree?

[1] In Alabama it is well settled that a violation of a statute or an ordinance is negligence per se. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471.

[2] But homicide may result from carelessness of such low degree or trivial character in the performance of a lawful act, carelessly performed, as not to involve criminality in the person so carelessly performing the act. Fitzgerald v. State, 112 Ala. 34, 20 So. 966. While the violation of a speed regulation is negligence per se, it is not per se such gross or wanton negligence as is necessary to constitute manslaughter in the second degree where death results. In the case last cited, our Supreme Court said:

"A consideration of the principles upon which criminal responsibility for the results of carelessness rests will impress the student 'with the general truth, that in the criminal department, as well as in the civil, our law, under proper circumstances, declines to take into its account things trivial and small.' * * * Our own adjudications are in line with these texts, and always predicate criminality, not upon mere negligence or carelessness, but upon that degree of negligence or carelessness which is denominated 'gross,' and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of that indifference to consequences which in some offenses takes the place of criminal intent. Thus, in Hampton v. State, 45 Ala. 82, it is said: 'There must be a criminal intent or negligence so gross as to imply it.' And in White v. State, 84 Ala. 421, 423 [4 So. 598], is this language: 'Gross carelessness, even in the performance of lawful acts, is punishable, if another is injured thereby.' There can, we therefore think, be no doubt upon authority and principle that homicide may result from carelessness of such low degree or trivial character in the performance of a lawful act as not to involve criminality in the person so carelessly performing the act; and it follows that criminality cannot be affirmed of every lawful act, carelessly performed, and resulting because of such carelessness in the death of another. The carelessness must be aggravated, so to speak; it must be gross, implying an indifference to consequences."

In 29 C. J. p. 1154, § 141, the text declares the law to be as follows:

"Negligence. In general. As has been noted, involuntary manslaughter may consist in the doing of a lawful act in an unlawful manner, and hence, where an unintentional homicide is occasioned by the gross or culpable negligence of defendant, although in the commission of an act lawful in itself, it is manslaughter, and under some statutes involuntary manslaughter is defined as including a homicide in the commission of a lawful act without due caution or circumspection. While the kind of negligence required to impose criminal liability has been described in different terms, it is uniformly held that it must be of higher degree than is required to establish negligence upon a mere civil issue, and it must be shown that a homicide was not improbable under the facts as they existed which should reasonably have influenced the conduct of accused."

In State v. Clark, 196 Iowa, 1134, 196 N. W. 82, the Supreme Court of Iowa very recently had this question before it, and in disposing of it said:

"In effect the jury was told that a violation of this ordinance was such an unlawful act as

would render the defendant guilty of manslaughter if the death of Edna Morgan resulted by reason thereof. Clearly the driving of the car at a rate of speed in violation of a city ordinance would not per se make the defendant guilty of manslaughter, even though the death of a person did result therefrom. State v. Moore, 129 Iowa, 514, 106 N. W. 16."

To the same effect are People v. Barnes, 182 Mich. 179, 148 N. W. 400; Dunville v. State, 188 Ind. 373, 123 N. E. 689; State v. Tankersley, 172 N. C. 955, 90 S. E. 781, L. R. A. 1917C, 533.

We think the rule recognized by the authorities, ante, is well founded, and that proof that shows no more than the death of a person resulting from a violation of a speed regulation is wholly insufficient to authorize a conviction for manslaughter in the second degree.

This court has heretofore observed that the degree of care to be observed by the operator of a motor vehicle on a public highway, "is that care which a reasonably prudent man would observe under like circumstances" (Bailum v. State, 17 Ala. App. 679, 88 So. 200); and our Supreme Court has recognized that reasonable care is a relative term, saying:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 417, 12 S. Ct. 679, 682, 36 L. Ed. 485." Reaves v. Maybank, 193 Ala. 618, 69 So. 138.

When a speed limit is fixed by law, the law assumes that it is reasonable, and that a reasonably prudent man will stay within the limit, but, if it appears that a citizen violates or exceeds the speed limit, and a person is killed as a result, the law will not authorize a jury to infer, or a court to say from that fact alone, that manslaughter in the second degree has been committed.

Under the evidence in this record, it was open to the jury to find that the death of the deceased might have occurred just the same if the appellant had been running at the most careful rate of speed as it would were he running 30 miles per hour. It was not unlawful for appellant to operate his truck at a rate of speed that was "reasonable and proper," not exceeding 25 miles per hour. If perchance, as it was open to the jury to find under the evidence, appellant was operating his truck a few miles per hour faster than what was "reasonable and proper," but not in excess of 25 miles per hour, then this part of the court's charge makes a mere error in judgment as to what was reasonable and proper, on the part of appellant, amount to crime. This is not the law. State v. Tankersley, 172 N. C. 955, 90 S. E. 781, L. R. A. 1917C, 533; People v. Barnes, 182 Mich. 179, 148 N. W. 400.

That part of the court's oral charge to which exception was reserved is erroneous for another reason; that is to say, it takes away from the jury all question of the act of the appellant being the proximate cause of the death of the deceased.

By this statement, the jury was instructed that, if appellant was running at a greater rate of speed than the law permitted him to run, then he was guilty of manslaughter in the second degree because he admittedly killed the deceased. This was in effect saying that the excessive speed, if there was such, was, as a matter of law, the proximate cause of the deceased's death.

By statute in this state, a trial judge is forbidden to charge on the effect of the evidence ex mero. Code, § 9507.

While a person engaged in the commission of an unlawful act is legally responsible for all of the consequences which may naturally or necessarily flow or result from such unlawful act, before this principle of law can have any application under the facts in this case, it must appear to the trior of fact that the death of the deceased was the natural or necessary result of the act of the appellant in operating his truck at an unlawful rate of speed, if such was the case. If the negligent conduct of the deceased, if such it was, in failing to look for approaching automobiles, before suddenly throwing himself from a place of safety immediately in front of a rapidly approaching motor vehicle was the sole cause of his death—that is to say, if the appellant had been exercising all the care required by law in the operation of his truck, and notwithstanding the deceased would have been killed just as he was killed—then the conduct of the appellant would not have been the proximate cause of the homicide, and under the law he would not be liable criminally for what occurred. Dunville v. State, 188 Ind. 373, 123 N. E. 689. All of these matters

were for the jury to decide from the evidence in the case. A case almost on all fours with the case at bar, where the authorities are exhaustively reviewed, may be found in the report of the case of People v. Barnes, 182 Mich. 179, 148 N. W. 400, by the Supreme Court of Michigan.

It results from what has been said that the portion of the oral charge of the court below, to which exception was reserved, is erroneous and must work a reversal of the case. We deem it unnecessary to discuss other matters urged by appellant, further than to say that the relevancy of the evidence of the deceased's connection with the army does not appear in this record. That evidence should have been excluded. The other questions may not arise on a retrial of this case.

Reversed and remanded.

SAMFORD, J. (concurring). I think that the excerpt from the charge of the court as set out in the opinion by BRICKEN, P. J., states a correct proposition of law, except in its invasion of the province of the jury in charging upon the effect of the evidence. BRICKEN, P. J., in Sawyer v. State, 20 Ala. App. 504, 103 So. 309, gives this definition of involuntary manslaughter:

"Generally it is defined as the unintentional killing of another in the commission of an unlawful act."

In McBride v. State, 20 Ala. App. 434, 102 So. 728, the writer said:

"If, therefore, the person driving the automobile which killed deceased did not keep to the right of the intersection of the center of Twenty-Sixth and Avenue F while turning from Twenty-Sixth street into Avenue F, such person was guilty of a violation of section 20, Acts 1911, p. 634, * * * and punishable under section 3333 of the Code of 1923. There was evidence tending to prove that the person driving the car did not drive to the right of the intersection of the two streets as is provided in the statutes above cited. If this was so, and death resulted therefrom, and the jury so found beyond a reasonable doubt, the person would be guilty as charged in the indictment."

To the same effect is the decision of this court in State v. Massey, 20 Ala. App. 56, 100 So. 625, and Pippin v. State, 19 Ala. App. 384, 97 So. 615. 1 Mayf. Dig. p. 639, subdivs. 7 and 8. It is also stated as a general rule without exception that "the unintentional killing of another in doing an unlawful act is manslaughter." Especially is this so where the unlawful act is a misdemeanor either at the common law or by statute. 29 C. J. p. 1149, par. 136. This rule has been applied to an unintentional homicide occasioned by the operation of a motor vehicle in violation of regulations imposed by law as is stated in the text in 29 C. J. p. 1152, par. 138, and sustained by the decisions of many states cited under note 76.

I make no effort to reconcile the decisions above cited with the decisions from the Supreme Court of Iowa, cited and quoted from in the opinion. I content myself with expressing the opinion that the rule in Iowa does not obtain in this jurisdiction, for the sole reason that the charge of the court took away from the jury the right to say whether at the time of the killing the defendant was intentionally violating the speed limit. I concur in the conclusion to a reversal.

RICE, J. (dissenting). In determining whether or not the excerpt from the oral charge quoted in the opinion of BRICKEN, P. J., was erroneous, same must be considered in the light of the oral charge as a whole, and in connection with the written charges given at the request of the defendant. So considered, said excerpt does not invade the province of the jury as to whether or not the deceased met his death as the proximate result of the unlawful act of the defendant. This court is bound by the decisions of the Supreme Court. Under those decisions there was nothing wrong with the portion of the oral charge complained of, and, prejudicial error nowhere else appearing, the judgment ought to be affirmed. Thompson v. State, 131 Ala. 18, 31 So. 725; Fitzgerald v. State, 112 Ala. 34, 20 So. 966; Johnson v. State, 94 Ala. 35, 41, 10 So. 667; 1 Mayfield's Dig. 639, pars. 7 and 8. Therefore I dissent.

## Extended Opinion.

BRICKEN, P. J. Upon the former consideration of this case, we pretermitted the discussion of a number of questions in the record, being of the opinion that reversible error was committed by the trial court in certain portions of the oral charge there considered.

On certiorari to the Supreme Court the decision of this court was reversed by a divided court, and was remanded to this court for further proceedings here. It now becomes our duty to again examine the record and consider points of decision therein presented and not already decided by this court.

[3] The record shows that, after one of the witnesses had testified regarding his association with the deceased and that deceased was about 19 or 20 years of age, this question was propounded to the witness: "Q. What did he do?" The defendant objected to the question and the court overruled the objection, exception was reserved, and the witness was permitted to answer that "he (meaning the deceased) was in the army." The witness was then permitted to testify over the objection and exception of defendant that "the deceased was not in the army at that exact

time, but that he was home on a furlough." We cannot see the relevancy of this evidence, and its admission was error. It was well calculated to excite the sympathy of the jury, and prejudice them against defendant, and should have been excluded upon motion of the appellant.

[4] The appellant requested the trial court to give the following written charge:

"(30) If you believe from the evidence in this case that the evidence establishes mere negligence on the part of the defendant on the occasion of the deceased's death, and nothing else but mere negligence, then you must find the defendant not guilty."

Mere negligence means simple or bare negligence, just negligence and no more. 27 Cyc. 482. note 51. In order to impose criminal liability it has been uniformly held that the negligence complained of must be of a higher degree than is required to establish negligence upon a mere civil issue. 29 C. J. 1154, note 97, and authorities cited. A mere error of judgment might be sufficient negligence upon which to predicate a finding in a civil case, but negligence which will render unintentional homicide criminal is such carelessness or recklessness as is incompatible with a proper regard for human life. A learned discussion of the principle involved is to be found in the case of State v. Tankersley, 172 N. C. 955, 90 S. E. 781, L. R. A. 1917C, 533, which supports the opinion that here prevails that error was committed by the trial court in the refusal of the charge referred to.

[5] Charge 12B states a correct proposition of law under the decision of the Supreme Court in Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337.

[6-9] Charges 17, 24, 27, and 29 each state correct propositions of law and should have been given.

[10] In his argument to the jury, the special prosecutor appearing in the case repeatedly stated to the jury that "this boy was wantonly killed." Each time this statement was made the defendant objected thereto on the ground that it was improper argument and not supported by the evidence. The objections being overruled, defendant reserved exceptions, and moved the exclusion of the remarks with like results. The evidence in the record is insufficient to support the statement that the deceased was "wantonly" killed. It does not show, or tend to show, wanton conduct on the part of the defendant. Wantonness has a well-defined meaning in this state. It is a higher degree or more aggravated form of misconduct than negligence. This argument remaining with the jury, with the approval of the trial judge, was well calculated to impress the jury that court and counsel were of the opinion that there was sufficient evidence in the case to show wanton misconduct on the part of the defendant when such was not the case. The argument should have been excluded.

It follows from what has been said that the judgment appealed from should be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

SAMFORD, J., concurs in the conclusion, but is of the opinion that refused charge 12B is not applicable to this case, and that refused charge 27 was misleading. Also that the motion to exclude the alleged improper remarks of the special prosecuting attorney was properly overruled.

RICE, J., concurs in the conclusion.