(112 So. 898)

COX v. STATE. (4 Div. 287.)

Court of Appeals of Alabama. May 17, 1927.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. There was evidence tending to prove the allegations as charged in each count of the indictment. This applies to manufacture of rum, possession of the still, and the venue. The foregoing being true, charges 1A, 1B, 6, 7, 12, and 13 were properly refused.

Refused charge 5 undertakes to fix the venue at a point one-fourth of a mile within Covington county.

Refused charges 8, 15, and 20 are not based upon a consideration of all the evidence.

Refused charge 11 at one time was held to be good, but is now condemned as being a bad charge. McCarty v. State, ante, p. 62, 112 So. 184.

Refused charge 21 is covered by the court's oral charge, and refused charge 23 is an argument.

The fee fixed by section 4659 of the Code of 1923, is a fact as well known to the jury as to a witness testifying. On cross-examination of the sheriff, it would be competent to inquire if he claimed the fee, and also if he knew that such a fee is provided by law. But, where he answers that he does not claim the fee, the action of the court in sustaining an objection to the question, "You know that there is a $50 fee that goes to the party that gets a conviction in this case, don't you?" is without prejudicial error.

More than a year after defendant is charged with having manufactured whisky, the sheriff, who was one of the principal state's witnesses, went with John Matthews to a point on a branch and pointed out to Matthews a place where the sheriff said the still had been located. This was all the information Matthews had as to the location of the still. Matthews was then permitted, over the objection and exception of defendant, to testify that the still was located 40 or 45 yards from the county line. The whole testimony of this witness relating to the location of the still was hearsay and as such should have been ex-

cluded. One of the controverted facts in the case was the location of this still, as to which witness must testify to facts within his own knowledge.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.