(113 So. 623)

## MURPHY v. STATE. (8 Div. 577.)

Court of Appeals of Alabama. June 30, 1927.

Walter Murphy was convicted of possessing a still, and he appeals. Reversed and remanded.

Bradshaw & Barnett, of Florence, for appellant.

164

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. ■ Charge 3, refused to defendant in this case, is an exact copy of charge 29 in the case of Crisp v. State, 21 Ala. App. 449, 109 So. 282. This charge was given approval in the Crisp Case in connection with other charges. That part of the opinion in the Crisp Case reads as follows:

"Charges 17, 24, 27, and 29 each state correct propositions of law and should have been given."

This court fell into error in the approval of charge 29, and the Crisp Case, supra, is hereby expressly overruled to the extent of the approval of charge 29. Said charge reads as follows:

"The court charges the jury that the law presumes that the defendant has testified truthfully in this case, and that it is your duty to reconcile his testimony and the testimony of all the other witnesses in the case with the presumption that he is innocent, if you can reasonably do so."

As stated, refused charge 3 in the instant case is identical with above-quoted charge. It was properly overruled in this case, for the law raises no presumption either one way or the other as to the truth of the statements made by witnesses while testifying in a case. The credibility of parol testimony is a question of fact for the trying body to determine, and any instruction from the trial judge, by which such a question is put to the jury as a matter of law, is an infringement by the court of the peculiar province of the jury. In other words, the question of the degree of credibility of an individual witness, or of all the testimony in a case, is wholly for the jury to decide, and, as stated, the law raises no presumption that a witness while testifying under oath speaks the truth. 28 R. C. L. 660; Stix v. Keith, 85 Ala. 465, 5 So. 184.

In the case of Harris v. State (8th Div. 578), ante, p. 121, 113 So. 318, present term, this court said:

"There is no presumption that a witness while testifying is telling the truth. The credibility of witnesses while testifying in a case is for the jury."

In Nelson v. Warren, 93 Ala. 408, 8 So. 413, the court said, relative to the latter clause of charge 3 (which read as follows: "And it is the duty of the jury to believe the testimony of said Nelson, in the absence of evidence or facts tending to show his testimony to be false"):

"The last clause [of said charge] is a palpable invasion of the province of the jury. The law has fixed no such artificial standard for measuring the credibility of oral testimony."

The juries are the exclusive judges of the weight of the evidence, and a charge which substantially instructs the jury that the evidence given by a witness is presumably true fetters the free judgment of the jury and infringes upon their peculiar and exclusive province to weigh such evidence. Reeves v. Skipper, 94 Ala. 407, 10 So. 309.

In Welsh v. State, 96 Ala. 92, 97, 11 So. 450, 451, the court said:

"There is a sort of presumption of the truth of declarations against interest which the law adjudges as the basis of admissibility. There is also a sort of legal presumption that statements made under the sanction of an oath or of approaching dissolution are true, and this presumption is the basis of the admissibility of sworn testimony and dying declarations. But it extends no further than this. When this office of the presumption has been performed, it ceases to exist. It no longer attends upon evidence when it was gotten before the jury. Once there, it must stand upon its own inherent force and reasonableness, and the jury are neither helped nor hindered with respect to any view of its truth or falsity they may be inclined to take by any legal presumption whatever."

As there was no evidence to sustain the charge against the defendant contained in count 1 of the indictment, the court properly gave the affirmative charge in his favor as to this count.

■■ A similar charge was requested in writing by the defendant as to count 2 of the indictment and was refused. As the defendant's conviction was under count 2, this action of the court presents the decisive question on this appeal, although numerous other points of decision are involved.

The defendant, as a defense, set up an alibi and offered testimony of several witnesses to the effect he was several miles away at the time the witnesses for the state testified they saw him near the still place. Thus the identity of the person became involved and was for the jury.

The evidence for the state tended to show that at the place in question the officers found several parts of a still described by the first witness Bevis as follows:

"It was an old oil tank. It didn't have a cap on it; it was a barrel. It had a box there, what is called the flakestand. It had a condenser, what is called a cooler. * * * It had a furnace."

Also:

"I saw Walter Murphy; he had two pieces of a worm in his hand."

There was no evidence of a complete still, the possession of which the law condemns, and this court is without ·authority to take judicial knowledge of the fact that the several articles described by the state witness was a complete still to be used for the purpose of manufacturing alcoholic, spirituous, or ·malted liquor, a part of which was alcohol, such as is contemplated and the possession of which is denounced and prohibited by statute. Code 1923, § 4656. The state failed to apply the rule of evidence provided by section 4657 of the Code of 1923 as construed in Wilson v. State, 20 Ala. App. 62, 100 So. 914. Ex parte State, 211 Ala. 574, 100 So. 917. There was no attempt to show that the articles testified about were such as were commonly or generally used for or that such articles were suitable to be used in the manufacture of prohibited liquors and beverages. As stated in the Wilson Case, supra:

"In the absence of such proof, a prima facie case was not made out, and the defendant was entitled to the affirmative charge requested by him as to count 2 of the indictment."

It was error to refuse said charge in·this case.

Reversed and remanded.