(139 So. 573)

## STOVER v. STATE.

### .8 Div. 453.

Court of Appeals of Alabama.
Feb. 9, 1932.

Almon & Almon, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

 If there are elements in the case that cause the punishment meted out to seem unduly severe, they are properly cognizable not here, but before the pardoning power.

Affirmed.

(139 So. 577)

## NOWLING v. STATE.

### 3 Div. 702.

Court of Appeals of Alabama.

Feb. 9, 1932.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder. Code 1923, § 3303.

He testified as a witness in his own behalf. It was therefore competent for the state to impeach his credibility. For this purpose inquiring into his general character, or reputation, was proper. And such inquiry was not restricted to his reputation for truth and veracity. Mitchell v. State, 94 Ala. 68, 10 So. 518; Byers v. State, 105 Ala. 31, 16 So. 716.

True, it is the duty of the court (to), and on proper request he must, instruct the jury that such testimony is to be considered only in passing upon the weight and credibility of his (defendant's) evidence (testimony), not as evidence of guilt of the offense charged, unless the defendant has put his good character in issue. Baugh v. State, 215 Ala. 619, 112 So. 157.

We find no error in any ruling of the trial court, in this case, with regard to the introduction of testimony tending to impeach appellant.

Appellant's written, requested, and refused, charge 8 does not state the law, and was properly refused. Ward v. State, 21 Ala. App. 551, 109 So. 897.

Appellant's written, requested, charge 12 was properly refused as it ignored the duty to retreat, and failed to hypothesize that appellant *believed* he was in danger. King v. State, 17 Ala. App. 536, 87 So. 701; Prince v. State, 215 Ala. 276, 110 So. 407.

While a majority of this court did give approval to a charge, similar in all respects to appellant's written, requested charge 7, in the case of Crisp v. State, 21 Ala. App. 449, 109 So. 282, yet that same majority corrected its error in so doing, in the later case of Murphy v. State, 22 Ala. App. 163, 113 So. 623. And this court is now definitely on record, in accordance with the law, in holding that such a charge is properly refused. Murphy v. State, supra, and authorities therein cited.

We find no prejudicial error anywhere, and the judgment of conviction must be, and is, affirmed.