52 So.2d 171

## CARROLL v. STATE.
### 8 Div. 878.

Court of Appeals of Alabama.
April 17, 1951.

Robinson & Parris, of Gadsden, and H. G. Bailey, of Boaz, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused stood for trial in the circuit court on an indictment charging murder in the second degree. He was convicted for the offense of manslaughter in the second degree.

Without dispute in the evidence the appellant while driving a 1946 Mercury automobile ran against and instantly killed Shirley Ann Copeland, a little girl eight and one-half years of age.

The tragedy occurred on the highway in the village of Douglas, Alabama.

From the oral testimony and exhibits it appears that Douglas is a rather thickly populated rural town. Adjacent to the highway on which the appellant was traveling there are a number of residences and several business establishments. Roads crossed and intersected the indicated highway within the village and a church and a school house were located in the near vicinity.

Shirley Ann was walking en route from school to her home when she was killed.

Evidence for the State tended to show that the appellant was traveling at the rate of about 60 or 70 miles per hour when he struck the child.

Without conflict, the defendant and his male traveling companion had consumed some beer about two hours before the collision. The amount consumed is not made certain by the evidence. The appellant testified that he drank two cans.

According to the testimony of the accused he was proceeding down the highway at about 40 or 45 miles per hour, when the little girl ran out from behind a school bus into the path of his car. He was in the act of striking her before he first observed her presence as she came into his view.

This is a rather scant delineation of the evidence, but it will serve the purpose of this review.

After the State rested and before introducing any testimony, the appellant made a motion to exclude the evidence on the ground that it was insufficient to sustain a conviction. Wallace v. State, 16 Ala. App. 85, 75 So. 633; Hendricks v. State, 34 Ala.App. 502, 41 So.2d 420.

The general affirmative charge was requested in behalf of the defendant, and a motion for a new trial was filed.

■ In approaching the review of the propriety of the refusal of the general affirmative charge, we are required to take the evidence favorable to the prosecution as true and accord to the State all legitimate inferences therefrom. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Gills v. State, 35 Ala.App. 119, 45 So.2d 44.

■ We think under the application of the oft considered doctrine, the court was not in error in denying the motion to exclude the evidence, nor was the accused due the general affirmative charge. Garner v. State, 34 Ala.App. 551, 41 So.2d 634; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Broxton v. State, 27 Ala.App. 298, 171 So. 390.

■ In consonance with the familiar rule we are not authorized to disturb the judgment of the trial judge in his action in overruling the motion for a new trial.

■ After stating his experience in driving automobiles and observing their rate of speed, a witness, who saw the car in question as it traveled down the highway to the point of collision, testified that the rate of speed in his judgment was 60 or 70 miles per hour. The court properly admitted this evidence. Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768.

■ When the appellant was arrested he made a brief written statement. Proper predicate was laid to establish its voluntariness. In any event, the statement amounts merely to an admission that the declarer ran over the child. Every fact appearing therein is in accord with the testimony of the appellant. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Powell v. State, 33 Ala.App. 323, 33 So.2d 399.

A highway patrolman came to the scene soon after the collision and before the dead body of the little girl was removed. He gave evidence concerning certain measurements and distances at the locale. The objections to this line of testimony posed the position that the officer was not present and did not see the collision and many of his measurements were from points the knowledge of which was gained by hearsay.

■ Whether or not there is merit in this contention, we will not decide. There was no dispute in the evidence about the matters to which the officer deposed. Holmes v. State, 34 Ala.App. 423, 42 So.2d 494; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Supreme Court Rule 45, Code 1940, Title 7, Appendix.

■ If it can be said that some of the witnesses gave answers to questions that called for unauthorized conclusions, this testimony was supported by stated facts upon which the conclusions were hypothesized. Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163; McQueen v. Jones, 226 Ala. 4, 145 So. 440.

■ Over general grounds of objections the court allowed in evidence some pictures taken of appellant's automobile after the collision. The photographs show a broken front headlight and some slight injuries and indentations in the fender near the broken light. Against the objections interposed these photographs were admissible. Bradley v. Lewis, 211 Ala. 264, 100 So. 324; City of Anniston v. Simmons, 31 Ala.App. 536, 20 So.2d 52.

■ This aside, there was no dispute about the fact that the damage to the car, as disclosed by the photographs, was caused by its impact with the body of the child. Authorities, *supra*.

■ Shortly after the little girl was killed, the appellant left the scene. He stated that he was going for a doctor and ambulance. Instead he went directly to his home, where he was arrested several hours later. Under these circumstances, it was competent to show that the distance from Douglas to appellant's home was about 23 miles. This was a material inquiry on the question of flight. 6 Alabama Digest, Criminal Law, ☜➞351(3).

■ The excerpts from the solicitor's argument to the jury, to which objections were interposed, did not transcend the right of counsel to present his impressions from the evidence.

The trial judge in his oral charge instructed the jury fully and comprehensively on the law of the case. In addition he

gave a number of written instructions at the request of the accused.

■ We have given due consideration to the portions of the oral charge to which exceptions were reserved. When the charge is considered in its entirety, there is no prejudicial error in the indicated parts. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Fuller v. State, 16 Ala.App. 163, 75 So. 879.

We come now to consider the written instructions refused to the defendant.

The refusal of the general affirmative charge has been reviewed.

■ Charges numbered 13, 28, 30, and 31 relate to a higher degree of homicide than the degree for which the accused was convicted. Their refusal, therefore, could not constitute error. Brake v. State, 8 Ala.App. 98, 63 So. 11; York v. State, 34 Ala.App. 188, 39 So.2d 694.

■ Charge 22 is abstract. The doctrine of self defense did not enter the factual issues in the case.

■ Instructions numbered 16 and 27 are not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Morgan v. State, 35 Ala.App. 269, 45 So.2d 802.

■ Misused words appear in charges 12 and 19. This is likely due to the fault of the typist. However, we are not authorized to base error on their refusal for this reason alone. Cockrell v. State, 20 Ala.App. 490, 103 So. 93; York v. State, supra.

■ Refused charge 18 is a duplicate of given charge number 9. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala. App. 644, 29 So.2d 677.

■ Charge 17 attempts to state an abstract proposition of law, whether correct or incorrect we will not decide. It is never error to refuse an instruction in this form. It is not based on the evidence and it omits any reference to the effect of the doctrine upon the issues in the case. Thomas v. State, 34 Ala.App. 470, 41 So.2d 435; Maxwell v. State, 32 Ala.App. 487, 27 So. 2d 804.

■ Charges 14 and 24 are duplicates. This instruction was approved in some of the earlier cases, but in more recent opinions it has been disapproved. McDowell v. State, 238 Ala. 101, 189 So. 183; Campbell v. State, 182 Ala. 18, 62 So. 57; Odom v. State, 253 Ala. 571, 46 So.2d 1; Kirkland v. State, 21 Ala.App. 348, 108 So. 262; Witt v. State, 27 Ala.App. 409, 174 So. 794; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Krasner v. State, 32 Ala.App. 420, 26 So.2d 519; Richardson v. State, 33 Ala. App. 40, 29 So.2d 883; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

Charge 15 was reviewed in Crisp v. State, 21 Ala.App. 449, 109 So. 282. We held it should have been given. We abandoned this view in the case of Murphy v. State, 22 Ala.App. 163, 113 So. 623, and expressly overruled the Crisp case in this aspect. In subsequent cases we condemned the instruction. See, Stover v. State, 24 Ala.App. 596, 139 So. 573; Crumbley v. State, 26 Ala.App. 24, 152 So. 55; Pratt v. State, 27 Ala.App. 301, 171 So. 393.

■ Unquestionably the charge is invasive of the province of the jury.

Instruction number 21 is substantially a reiteration of what the trial judge told the jury when he began to read the given charges.

■ A similar instruction to charge number 25 was disapproved in McDowell v. State, 238 Ala. 101, 189 So. 183.

■ We find that charge 26 found approval in the following cases: Huguley v. State, 4 Ala.App. 29, 58 So. 814; Cory v. State, 22 Ala.App. 341, 115 So. 700; Buford v. State, 23 Ala.App. 521, 128 So. 126; Smith v. State, 28 Ala.App. 506, 189 So. 86. It was disapproved in: Freeland v. State, 26 Ala.App. 74, 153 So. 294.

The Supreme Court reviewed the charge in Russo v. State, 236 Ala. 155, 181 So. 502, 505, Justice Knight, in commenting on the propriety of the refusal of the charge, said: "This charge was fully covered by other instructions given at the request of the defendant. The court had charged the jury that they must acquit the defendant unless shown to be guilty beyond a reasonable doubt. This charge given the jury was far more rigorous against the state

than refused requested charge 38, as pointed out in the case of Edwards v. State, 205 Ala. 160, 87 So. 179. The refusal, therefore, of charge 38 involved no prejudicial error."

In the case at bar the court orally and by written instructions charged the jury fully on the doctrine of reasonable doubt. We are persuaded that our refusal to base error here is controlled by the holding in the Russo case, supra.

We reached this conclusion in the case of Bankhead v. State, 33 Ala.App. 269, 32 So. 2d 814.

There are other presented questions to which we have not responded. Each of these does not contain sufficient merit to demand our treatment.

We find no reversible error appearing. The judgment below is, therefore, ordered affirmed.

Affirmed.