66 So.2d 204

## FOSTER v. STATE.

### 8 Div. 243.

Court of Appeals of Alabama.

June 9, 1953.

Bradshaw, Barnett & Haltom and E. B. Haltom, Jr., Florence, for appellant.

216

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

On an indictment charging murder in the first degree, the indictee was convicted of the lesser offense of manslaughter in the first degree.

The defendant introduced a number of character witnesses. With only a few exceptions they declared that they knew the general character of the defendant and that it was good.

Then followed:

"I will ask you if prior to this May 24th, 1952, you ever heard anything against his character?"

In each instance the court sustained the State's objection to this question.

The early case of Hussey v. State, 87 Ala. 121, 6 So. 420, 423, has become the master authority on the question of the right of a defendant to introduce negative evidence in support of his good character. This case has been cited *many* times in subsequent appellate court opinions. Justice Somerville, writing for the Supreme Court, had this to say:

"The rulings of the court below raise in this case a question of evidence which is of great importance, as it occurs to us, in the practical administration of justice. It involves the right of a defendant to introduce negative testimony in support of his good character,—a right which does not seem to be recognized by the old text-writers and authorities, but may be said to be accorded from necessity almost universally by the nisi prius courts in the trial of causes. The defendant was allowed to prove his good character generally for peace and quiet,—an issue having reference to the nature of the charge against him, which was murder. Two witnesses were asked the question whether they had 'ever heard of the defendant having any other difficulty except the one in question?' This question was objected to by the state, and on such objection was excluded. There is good authority in support of this ruling of the circuit court, but we are all of one opinion, that the question should have been allowed. Bare evidence by a witness that he knows the general character of a given person, and it is good, or very good, or excellent, is, after all, closely analogous to a mere opinion in the nature of a fact, and, standing alone, carries with it an impression that it is lacking in some element to give force to the statement. The party testifying can render it more satisfactory and convincing by showing the foundation on which it rests. It is well to prove a person to be reputed honest, or truthful, or a woman chaste, or a man loyal to his country, or peaceably disposed towards all his neighbors. But great emphasis is added by the declaration that the witness, who has had every opportunity to know, has never heard any human being challenge the honesty or veracity of the one, or breathe the slightest breath of suspicion on the virtue of the

other, or assert any fact which goes to deny the loyalty or question the humanity and orderly conduct of the third. It is only to put the matter in a slightly different form to inquire of the deposing witness whether he had ever heard of any act or conduct in refutation of the good repute which he has affirmed of the person in question. To say his character is good is a positive expression of the fact. To say that the witness has never heard anything against his character, as to the particular phase in which it is put in issue, is negative in form, but often more satisfactory than evidence of a positive character.

"The propriety of this rule, permitting negative evidence of good character, is gradually forcing itself upon the recognition of the courts, and there is a current of modern authority rapidly forming in support of it."

In the fairly recent case of Echols v. State, Ala.App., 55 So.2d 522 [1], we held in effect that, if a witness gives positive testimony that the defendant's character and reputation are good, it is error without injury to deny the right to introduce negative testimony in support of good character. This view is out of line with the authorities, and in this aspect the opinion must be disapproved.

The incorrectness of the holding in the Echols case is clearly illustrated by the conclusions reached in Dyess v. State, 224 Ala. 610, 141 So. 662. We have the original record before us. The character witnesses, with the exception of one, gave positive statements that the character of the defendant was good. Unlike the order of proof in the case at bar, this was proven after efforts were made to establish the negative evidence. The court held that this was unimportant.

We have examined the original record in Singley v. State, 256 Ala. 56, 53 So.2d 729. In that case the witnesses made positive statements that the character of the defendant was good. It is to be noted that Justice Lawson cited Dyess v. State, supra, among the authorities to support his view that it was error to disallow proof of the negative evidence.

■ The trial judge fell into error in sustaining the State's objections to the indicated questions. This is decisive of this appeal, but as a guide for another trial we will review the action of the court in refusing a number of written instructions which were tendered by the defendant.

[2] The charges which relate to murder were made inapplicable by the verdict of the jury. Brake v. State, 8 Ala.App. 98, 63 So. 11.

■ Charges numbered 45, 49, and 76 were covered substantially by the oral charge or written instructions given at the instance of the appellant. Title 7, Sec. 273, Code 1940.

■ Those numbered 18, 24, 25, and 67 are not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

■ Charge 15 does not take into account the lesser degrees of unlawful homicide which are included in the indictment. Burkett v. State, 154 Ala. 19, 45 So. 682; Thompson v. State, 131 Ala. 18, 31 So. 725. It is likely faulty in other aspects. Davis v. State, 8 Ala.App. 147, 62 So. 1027.

■ Instruction number 19 was approved in Gilbert v. State, 20 Ala.App. 565, 104 So. 45. In Shikles v. State, 31 Ala.App. 423, 18 So.2d 412, we did not specifically condemn the charge, but we held that it was nothing more than an instruction on reasonable doubt. In more recent cases it has been disapproved. Robinson v. State, 243 Ala. 684, 11 So.2d 732; Waller v. State, 32 Ala.App. 586, 28 So.2d 815; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804.

The authorities now hold that it is not error to refuse charge 20. See Hannon v. State, 34 Ala.App. 173, 38 So.2d 26.

1. 36 Ala.App. 302.

218

■ The courts no longer approve the use of the expression "probability of defendant's innocence" in written instructions. Charge 38 was refused without error. Whittle v. State, 213 Ala. 301, 104 So. 668.

■ Charge 41 contains statements that might be appropriate in argument to the jury, but not in a given written instruction. Under the evidence the deceased did not become a trespasser when he entered the defendant's place of business. Hanners v. State, 147 Ala. 27, 41 So. 973. See also, Burns v. State, 251 Ala. 2, 36 So.2d 225; Maxwell v. State, supra; Cauley v. State, 33 Ala.App. 557, 36 So.2d 347.

■ Charge 43 is also argumentative and fails to include the essential element of freedom from fault.

Our study of the authorities leads to the conclusion that in the earlier cases the appellate courts did not have a tendency to condemn written instructions because they were not based on the evidence. Charge 52 in the case at bar does not contain this hypothesis. Even so, it was approved in the following cases: Gregory v. State, 140 Ala. 16, 37 So. 259; Brown v. State, 118 Ala. 111, 23 So. 81; Howard v. State, 151 Ala. 22, 44 So. 95; Wilson v. State, 14 Ala.App. 87, 71 So. 971; Baker v. State, 19 Ala.App. 437, 97 So. 901; Clayton v. State, 23 Ala. App. 150, 123 So. 250.

In the more recent cases the appellate courts seem to be committed to the view that a written charge which is not hypothesized on the evidence may be properly refused. For this reason charge 52 in the instant case was disapproved in: Baker v. State, 210 Ala. 320, 97 So. 903; Deloney v. State, 225 Ala. 65, 142 So. 432; Wood v.

State, 17 Ala.App. 654, 88 So. 28; Rountree v. State, 20 Ala.App. 225, 101 So. 325; Du-Bose v. State, 19 Ala.App. 630, 99 So. 746; and Morgan v. State, 20 Ala.App. 331, 102 So. 236.

Charge 53 is substantially a duplicate of refused charge number 38.

Instruction numbered 54 was properly refused. Vernon v. State, 239 Ala. 593, 196 So. 96; Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814; Register v. State, 34 Ala. App. 505, 42 So.2d 519; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Russell v. State, 36 Ala.App. 19, 52 So.2d 230.

It was not error to refuse charge 72. Goodman v. State, 15 Ala.App. 161, 72 So. 687.

■ Charge 75 is argumentative and invasive of the province of the jury. Cox v. State, 22 Ala.App. 102, 112 So. 898; Harris v. State, 22 Ala.App. 121, 113 So. 318; Murphy v. State, 22 Ala.App. 163, 113 So. 623; Stover v. State, 24 Ala.App. 596, 139 So. 573; Crumbley v. State, 26 Ala.App. 24, 152 So. 55; Pratt v. State, 27 Ala.App. 301, 171 So. 393; Carroll v. State, 36 Ala. App. 59, 52 So.2d 171.

It may be noted that we approved this charge in Crisp v. State, 21 Ala.App. 449, 109 So. 282. We abandoned this view in the case of Murphy v. State, supra, and expressly overruled the Crisp case in this aspect.

The propriety of the refusal of charge 77 is discussed and illustrated in May v. State, 253 Ala. 517, 45 So.2d 698.

For error indicated the judgment below is ordered reversed and the cause remanded.

Reversed and remanded.