(113 So. 318)

## HARRIS v. STATE. (8 Div. 578.)

Court of Appeals of Alabama. June 7, 1927.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. There is no presumption that a witness while testifying is telling the truth. The credibility of witnesses while testifying in a case is for the jury. Therefore refused charge 1 was properly refused as being invasive of the province of the jury. 28 R. C. L. 660; Stix & Co. v. Keith, 85 Ala. 465, 5 So. 184. The case of Rowland v. Plummer, 50 Ala. 182, 195, has been expressly overruled on this point and the case of Crisp v. State, 21 Ala. App. 449, 109 So. 282 (ninth headnote), was not decided on that point.

██ Refused charge 4 was not supported by any evidence in the case, and was therefore abstract.

██ The evidence was in conflict, and therefore the refusal of charge 7 was free from error.

The solicitor, in his statement to the jury and in his argument, made use of remarks calling attention to the color of defendant and that of the boy; the defendant being a negro and the party robbed being a white boy 13 years of age. Each of these remarks was objected to, and the objections were sustained by the court. After the solicitor had concluded his opening argument, the defendant moved the court to instruct the jury that the remarks of the solicitor were improper. The court refused to do this, and the defendant excepted.

██ The refusal of the court to promptly reprimand the solicitor and to instruct the jury that the solicitor's remarks were improper were made grounds for a new trial. We have often held that it is highly improper for a prosecutor to refer to the race or color of a defendant on trial for crime, as tending to arouse race prejudice. We have also held that, when a solicitor does this, it requires prompt measures on the part of the trial judge to remove the effects of such statements. Solicitors should never resort to methods of this character in the prosecution of cases, and trial judges should not allow it. The rule has been recently stated in Jones v. State, 21 Ala. App. 234, 109 So. 189. When solicitors will not observe this oft-stated rule and trial judges fail or refuse to resort to prompt and vigorous measures to eradicate the damage, this court must and will reverse the judgments. The court correctly stated that the remarks of the solicitor were unwarranted and illegal. He should have followed this by positive and unmistakable instructions to the jury. Having refused to do this, defendant's motion for a new trial should have been granted.

For this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.