172 So. 343

### DAVIS v. STATE.
### 8 Div. 258.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Affirmed on Mandate Feb. 2, 1937.

Henry D. Jones, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

"Justice is blind, says the law, and in her judgment must see no man, color, race, or condition." Jones v. State, 21 Ala.App. 234, 109 So. 189, 191, and the authorities cited in the opinion in same. Also, see Harris v. State, 22 Ala.App. 121, 113 So. 318.

This is a prosecution of a young negro for an assault upon a white man.

We are persuaded that, in the trial of the case, justice was merely *blindfolded;* and, in more than one instance, the attorney representing the state took it upon himself to strip the *blindfold* from justice's eyes —that she might *see* that it was really a *negro* being prosecuted for an assault upon a *white man.*

True, the learned trial judge, in the first instance, took occasion to admonish the jury that they should not allow defendant's (appellant's) *color* to influence them. But immediately, or shortly thereafter, he, by overruling appellant's motion to exclude *another* reference to appellant's *color* from the jury's consideration, would seem (certainly to the *jury*) to have condoned even the utterance made in argument which had called forth his previous *admonition* to the jury.

Upon the whole situation we are driven to the conclusion that because of the error in not confining the argument within proper channels—as pointed out in the cases hereinabove cited—the judgment of conviction should be reversed and the cause remanded. And it is so ordered.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Davis v. State, 233 Ala. 202, 172 So. 344.