120 So.2d 755

Winston SUMMERLIN

v.

STATE.

4 Div. 422.

Court of Appeals of Alabama.

May 10, 1960.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Summerlin appeals from his conviction of obtaining two tires and two tubes from Ralph Avant by falsely pretending that one Ernest Mills had sent him for them.

Mr. Avant was the "distributor" for the Sherrill Oil Company for the area around Opp, Alabama.

On the 26th of February, 1959, Summerlin, or somebody for him, called Mr. Avant at his home about six o'clock in the evening. Summerlin said they wanted to get two tires for Mr. Ernest Mills.

Avant went to his "bulk plant" where he kept his tires. There Summerlin handed him a note, which Summerlin pretended came from Mills, reading, "Mr. Avant, let Winston Summerlin have what he wants." Then Avant gave Summerlin two tires and two tubes.

Fleming & Stephens, Elba, for appellant.

The tires and tubes were charged out to Mills. The following Saturday one of Avant's truck drivers took an invoice for the tires and tubes to Mr. Mills's gasoline filling station. After showing Summerlin had never paid Avant for the tires and that Mills had not authorized Summerlin to buy from Avant or Sherrill Oil Company on Mills's credit, the State rested.

Summerlin put an uncle by marriage and his father-in-law on the stand to prove that Mills had in fact signed the note telling Avant to let him have what he wished. A neighbor said that he had seen the note earlier in the day. Summerlin testified in his own behalf.

The first error Summerlin claims infects the record so as to require reversal came on cross-examination of Mr. Mills while offered by the State as a rebuttal witness. The following occurred:

"Q. Let the record show that I am opening the file in case No. 1228, Circuit Court of Covington County, The State vs .Winston Summerlin, charge, false pretense. I show you that document and ask you if that is your signature? A. Yes, sir, it is

"Mr. Stephens: We ask that this document be marked Defendant's Exhibit 1,[1] and we offer it in evidence.

"Mr. Prestwood: Your Honor, the State objects only on this ground, that under the facts and circumstances in this case this defendant could have been prosecuted for what he is prosecuted or for one degree of forgery if the note had been in existence.

"The Court: I am going to let it in, but gentlemen of the jury, insofar as this warrant which has been introduced charging this defendant with forgery is concerned you will not consider it as affecting anybody's credibility here *because I am reasonably satisfied that the*

*man signed the warrant the way the J. P. fixed it for him.*

"Mr. Stephens: All right, we object to the Court's statement and ask that the case be withdrawn from the jury at this time.

"The Court: Overrule." (Italics supplied.)

Summerlin cites us to Griffin v. State, 90 Ala. 596, 8 So. 670, 673. There reversible error lay in the trial judge's commenting that he did not think that proof of a witness' writing a letter which showed unfriendliness toward the defendant "would amount to much," because the witness had admitted his bias against Griffin.

The opinion held that the expression used was—by elimination—a comment on the weight of the evidence otherwise admitted as to the bias of the witness toward the defendant and was invasive of the province of the jury. The court, per Coleman, J., said:

"The weight to be given to evidence is wholly within the province of the jury, and any invasion of this province by the court in its orders is error; and any statement by the court, however unintentional, made in the presence of the jury, calculated to control the jury in its consideration of the weight to be given to testimony, will work a reversal, unless it be clearly shown that such remarks have been explained and excluded from them. * * *"

And from Harris v. State, 96 Ala. 24, 11 So. 255, 257, we find:

"Evidence which goes to show that a witness has made statements out of court, or on a former investigation of the case before the coroner or a committing magistrate, which are inconsistent with his testimony as adduced at the trial, tends, as a matter of law, to impeach his veracity. This, indeed,

---

1. Originating affidavit of complaint (subscribed and sworn to by Mills) against Summerlin for forgery and warrant for his arrest.

is the sole ground upon which such evidence is admissible, and, if it involved no such tendency, it would not be competent. Notwithstanding such tendency, the jury may still believe the witness. Whether they do or not is a question for them alone. The court cannot say to them that the witness is or is not thereby impeached; to do so would be an invasion of their exclusive province. * * *"

Code 1940, T. 7, § 270, reads:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

The statement of the county solicitor that Summerlin could have been prosecuted either for false pretense or forgery we cannot construe as a request that the judge comment on the effect of the testimony.

The judgment below is accordingly

Reversed and remanded.