230 So.2d 248

**Arthur MAYS, alias**

v.

**STATE.**

**6 Div. 18.**

Court of Criminal Appeals of Alabama.

Jan. 13, 1970.

———◆———

Parker, Wilkinson & Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: ten years.

During examination of O. V. Vance, a detective, we find:

"Q   How long have you been a detective?

"A   Eighteen years.

"Q   How long have you been assigned to the robbery detail?

"A   Ten years.

"Q   During this ten year period of time that you were assigned to this particular detail, in your best judgment how many cases of robbery would that be a year?

"MR. PARKER [Defense Counsel]: We object to that no probative value.

"THE COURT: I'll sustain that.   I don't want to put my friend here to just having to estimate on that.  You couldn't tell within a thousand or two cases of it, probably be impossible.

"MR. DE CARLO: I'm just asking his best judgment, Judge.

"THE COURT: I'll sustain it.   Can you do it, Ollie?

"A   Not the number of cases, Judge, impossible.

\*      \*      \*      \*      \*      \*

"Q  What is his name?

"A  I don't think I have to tell that.

"MR. PARKER: We are not concerned with some informant upon which any search warrant was based or upon which an arrest was made. We are concerned now with a man who was present when an alleged identification of this man was made and we are entitled to know who he is, and we tried to find out and haven't been able to find out. We are entitled to know.

"MR. DE CARLO: If your Honor please, we have three positive identifications—

"MR. PARKER: What Counsel—if your Honor please, that is an assertion of counsel and we ask that the jury be instructed not to pay attention to that 'positive identification.'

"THE COURT: Of course, that is not all the testimony, but not what Mr. DeCarlo says now. He is just in conversation.

"MR. DE CARLO: I would think this, your Honor. If the remarks of the District Attorney are going to be struck, I think equally as well the remarks of Defense Counsel should be struck also.

"THE COURT: Just don't consider that conversation at all for any purpose.

"MR. PARKER: If your Honor please—

"MR. DE CARLO: Your Honor, we object to this arguing before the jury.

"MR. PARKER: I want to argue this.. 'I am going to argue this, if your Honor please.

"THE COURT: Don't make an assertion like that before the Court, that you are going to argue irrespective of whether the Court says you can or not.

"MR. PARKER: I have asked a question, and your Honor hasn't ruled.

"THE COURT: What have you asked?

"MR. PARKER: I said what is the name of this man, the colored man, who was present at the time of this alleged identification—what his name is.

"THE COURT: Relative to the identification of this defendant at the time?

"MR. PARKER: Yes, sir.

"THE COURT: Can you give them that, Mr. Vance?

"A  Judge, my answer to him was that this man was an informant that worked with me and I refused to give him his name.

"MR. PARKER: And we are entitled to it, your Honor. He was present at the time it is alleged there was an identification.

"MR. WILKINSON: There already has been and will be a lot of dispute as to what went on in that room actually. Now that man is a material witness, conceivably a material witness for the defense.

"MR. DE CARLO: We object to all this—this argument before the jury.

"THE COURT: Be quiet!

"MR. WILKINSON: He can be a material witness for the defense. We've got a right to know his name. It's ridiculous to claim he's a confidential informant because his face was shown to everybody in there, including the defendant. It is just keeping the witness's name from the defendant.

"THE COURT: That is not—

"MR. DE CARLO: He's arguing before the jury, your Honor.

"THE COURT: Don't be arguing before the jury on that. You can say you think you are entitled to it without saying why before the jury, and all that. . .

"MR. PARKER: I've already asked my question, your Honor.

"THE COURT: If you can.

"A  His name is Otis Flower.

"Q  Where does he live?

"A  He's at the present time in Enterprise, Alabama.

\* \* \* \* \* \*

"Q  I'll ask you if it isn't a fact, sir, that when he walked in that you said I want you to make an identification and you told two of them to stand up, Gray and Binion to stand up, and that he looked at them three or four minutes and said that's not them.  Did that happen?

"A  In my best judgment, in handling hundreds of cases here—

"MR. DE CARLO:  He's trying to answer the question—

"MR. PARKER:  He's trying to exclude something terribly important—

"MR. DE CARLO:  Mr. Parker is not getting the answer he wants.

"MR. PARKER:  He's been testifying in cases nineteen years, I know—

"THE COURT:  Mr. Parker, will you please listen to the Court?

"MR. PARKER:  Yes, sir.

"THE COURT:  And not only listen but do what I say to do.  Don't accuse Mr. Vance of hedging on the proposition here before the jury.  I think that is improper.  There is a man—certainly a man of his distinction and a man of his standing in the courts and in the community it is improper for you to accuse him of some wrong-doing, trying to dodge a question here.  For you to do that probably is not only embarrassing to him, it is just not right and it is not fair.

"MR. PARKER:  If your Honor please, there is no chance we have right now after your Honor's statement ex mero motu—there is no chance for getting a fair trial. We except to the Court's remarks and assign the grounds it is absolutely impossible to get a fair and impartial trial after the statement of the Court to the effect that Mr. Vance is not able to be impeached by the defendant and we ask for a mistrial at this time.

"THE COURT:  I didn't say he was not able to be impeached.  He might be able to be impeached in the proper way, but I'm not going to let you stand here and insult him, a man of his reputation that I know as well as I do and I have known him thirty years and I know his standing in my court and everybody else's court.  I'm not going to stand there and let you do it.

"MR. PARKER:  We ask for a mistrial. We can't get a fair trial now.

"THE COURT:  I overrule your objection, and ask the jury to try this case on the evidence and the evidence alone.  Mr. Parker, I think, injected—was the cause of this conversation taking place.  To start with, I didn't state it.  I couldn't have any reason to jump on him because he's a friend of mine, but I'm just asking him not to insult the witness here in open court.  I don't think it is proper or fair and it shouldn't be done, but you just don't consider anything the Court has said as far as deciding this case.  Of course you hear what I'm saying, but I want you to decide—irrespective of that, I want you to decide this case on its merits, and that is what you would do now, because you are that sort of people. You are sworn to give the State of Alabama and the defendant a fair and impartial trial, and I want to say to you right now I haven't got any interest in this case, never heard of it until yesterday or the day before—I believe we got the jury maybe day before yesterday.  Now is the first time I have ever heard of this case.  I don't know anything about it.  Mr. Parker is a friend of mine; Mr. Lou Wilkinson is a friend of mine; John DeCarlo is a friend of mine— they are all friends of mine.  I have no interest in this case.  I just want to conduct the case in an orderly fashion and not have any impropriety going on in the case.  That is the only thing I'm interested in.

"I'll ask you folks, irrespective of what Mr. Parker said, irrespective of Judge King, or Ollie Vance, or anything, just try the case according to the testimony.  You have heard it.  It is your duty to give each witness's testimony such weight and such credibility as you deem each of their testimony is entitled to receive.

"If you don't believe Mr. Vance, don't consider his testimony. If you think he's lying to you, that's your privilege. You are the sole judges of the evidence in the case, just as the Court is the sole judge of the law so you all—twelve of you—you are big enough to decide this case on its merits and on the law that the Court will give you, and on the testimony which you have heard and are in the process of continuing to hear. That is what I am saying to you to do, and I know you will do that irrespective of any arguments that have been injected in the case, even by the Court, or the lawyers in the case.

"That is just something that takes place in any case. You don't want to decide this case because the lawyers argue among themselves or argue with the Court, or the Court argues with them sometimes about something he feels he ought to correct; and I'm surely not trying to discount Mr. Parker, because he's an able lawyer and a friend of mine, but even though he may not show it altogether right now—maybe I'm not showing it altogether—my friendship for him right new either, but I have my sworn duty to perform and I'm trying my best to do it even though I might be making a mistake. I don't think I am. We are not mad at each other—you are not mad at me, are you?

"MR. PARKER: No, sir, Judge but—

"THE COURT: I didn't ask you 'but'. I asked you a question—if he's not mad at me, I'm not mad at him.

"MR. PARKER: If your Honor please, we except to your remarks and we cannot get a fair trial—that is on the grounds after the Court's remarks to the jury, and we ask for a mistrial.

"THE COURT: Overruled.

"MR. PARKER: We except.

"THE COURT: Overruled. Proceed with the trial. Who had the witness?

"MR. PARKER: I did, your Honor.

"THE COURT: All right, sir.

*   *   *   *   *   *

"Q   And he did not spread them out on the desk and then say it is that one and that one?

"A   I don't recall him doing that. It is possible.

"Q   You just don't remember that?

"A   I just can't recall it that way. I know he identified them.

"Q   Yes, sir. (Laughing)

"MR. DE CARLO: Your Honor, we object to that.

"THE COURT: I don't think that's proper, Mr. Parker, all this snickering going on in a court of law. This is serious business. I don't think it's a laughing matter. I don't think the witness said anything particularly like that. I just don't think it's proper to cackle out in court like that on a serious matter like this.

"MR. PARKER: When they can say, Judge, he identified him and not remember details, then I think I'm entitled to some—

"THE COURT: I don't think you are entitled to try to laugh him down. He wasn't laughing. He's apparently serious about the matter

"MR. PARKER: We except to the Court's remarks and, again, we can't get a fair trial and ask for a mistrial. We ask for a mistrial right now.

"THE COURT: You won't get a mistrial. Overruled.

"MR. PARKER: We except.

"THE COURT: It was a motion you didn't make in good faith to start with.

"MR. PARKER: I did, your Honor.

"THE COURT: I'm overruling it in good faith.

"MR. PARKER: We except.

"THE COURT: Well, it is, Mr. Parker."

We consider that, first, the Court unduly restricted cross-examination, second, bolstered a witness contrary to Code 1940, T. 7, § 270, and, third, engaged defense counsel in recrimination. Moreover, we consider the trial judge's apology as confessing error.

It was error to overrule the motion for mistrial. In Burns v. State, 226 Ala. 117, 145 So. 436, we find:

"In the examination of Chief McDuff a remark was made by the court that he was satisfied the witness was not going to answer the solicitor's question 'unless it is true.' Later the court withdrew the remark, and, after further examination of that witness, the court expressly instructed the jury as follows: 'Gentlemen, I want to tell you not to consider that remark I made a while ago, that Chief McDuff would tell the truth about it. Don't consider that at all; don't let it have any weight. It is for you to say whether he is telling the truth or not, just like any other witness in this case. You are the sole judges as to who is telling you the truth, and not let that have any weight at all with you.'

"This observation was improper, as the court recognized in his exclusion, and we need not declare whether its influence was or was not eradicable as the case will be reversed on other grounds and this question would not occur on another trial. * * *"

Bricken, P. J., in Black v. State, 24 Ala. App. 433, 136 So. 425 remarked as to the influence of judge on jury:

"The question of the credibility of a witness is solely for the determination of the jury, and it is improper for the court to comment on or express an opinion directly or by implication of the credibility of the witness. The reason is that words or conduct of the trial judge may on the one hand support the character of testimony of a witness or on the other hand destroy the same in the estimation of the jury; and thus his personal and official influence is exerted to the unfair advantage of one of the parties with a corresponding detriment of the cause of the other."

See McElroy, Evid. (2d ed.), § 469.01.

Counsel and court have mutual interdependent obligations as officers of the court. These duties are eloquently expressed in Dennison v. State, 17 Ala.App. 674, 88 So.2d 211. We consider that the instructions as to deciding by the evidence alone were not strong enough to restore a balanced impartiality. Nix v. State, 40 Ala. App. 357, 114 So.2d 286; Nichols v. State, 278 Ala. 209, 160 So.2d 619 differs factually.

The judgment below is due to be reversed and the cause remanded there for another trial.

Reversed and remanded.