247 So.2d 386

Emory O'Neal **BERTRAND**

v.

**STATE.**

1 Div. 127.

Court of Criminal Appeals of Alabama.

April 20, 1971.

Ian F. Gaston, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant stands convicted of a violation of Section 106, Title 14, Code of Alabama, 1940.

The state presented evidence tending to support the allegations of the indictment. No evidence was offered in defendant's behalf.

■ The court, ex mero motu, instructed the jury:

"The court charges the jury if you believe the evidence in this case beyond a reasonable doubt, you must convict this defendant."

Section 270, Title 7, Code, supra, expressly provides that the court shall not charge upon the effect of the testimony unless requested to do so by one of the parties. Such charge must be requested in writing. Section 273, Title 7, Code. See also, Thrash v. State, 23 Ala.App. 433, 126

So. 606; Brasher v. State, 21 Ala.App. 360, 108 So. 266. The court's action was reversible error.

 Appellant also argues that the court erred in refusing requested charge 5, which reads:

"I charge you, members of the jury, that the legal presumption of innocence is to be regarded by the Jury in every case as a matter of evidence, to the benefit of which the accused is entitled and, as a matter of evidence, it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."

In Mutual Life Insurance Co. v. Maddox, 221 Ala. 292, 128 So. 383, Justice Foster stated that where the state is entitled to the general affirmative charge, a question unnecessary for our determination, the presumption of innocence "has never been held sufficient of itself to create a conflict, or conflicting inferences, when the evidence did not otherwise show such a conflict."

Reversed and remanded.