306 So.2d 294

In re Robert M. HALL

v.

STATE.

Ex parte Robert M. Hall.

SC 1047.

Supreme Court of Alabama.

Jan. 9, 1975.

James T. Gullage, Opelika, for petitioner.

No appearance for respondent.

McCALL, Justice.

Writ denied.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

FAULKNER and JONES, JJ., dissent.

JONES, Justice (dissenting).

I disagree with the majority in denying the writ as to the second ground asserted in the petition.

The defendant excepted to that portion of the oral charge, "If they didn't have informers sometimes they could never obtain the evidence." This sentence, taken in context with the several preceding sentences, is pure argument, and, in my opinion, exceeds the bounds of judicial discretion. The function of the various offices of the court is clearly established in our system. It is not the function of the trial judge to play the role of an advocate. In his conduct of the trial, he must be totally neutral, leaving to counsel matters of argument and leaving to the jury the matters of judging the facts. Standing in contradistinction to the federal system, which allows the trial judge to comment on the evidence, is our Tit. 7, § 270, Code of Alabama 1940 (Recomp.1958).

"The court may state to the jury the law of the case, and may also *state* the evidence when the same is disputed, but shall not charge upon the *effect* of the testimony, unless required to do so by one of the parties." (Emphasis supplied.)

Likewise, the last sentence of Rule 51, ARCP, states: "In charging the jury, the judge shall not express his opinion of the evidence."

Here, the jury had to decide who was telling the truth—the police officer who testified that through an informer he located the defendant and purchased marijuana, or the defendant and his witnesses who denied that the officer was even present at the time and place of the alleged sale. After instructing the jury on the role of informers in law enforcement, the court concluded with the remark: "If they didn't have informers sometimes they could never obtain the evidence."

This statement was at the very least a contention by the court for the inference that the informer here had performed his function well in that he had obtained the evidence. It was an argument supportive of the State's witness's testimony that he had in fact learned of the defendant's illegal activities through an informer and thereby arranged for the purchase of marijuana from the defendant and effected his arrest.

It was my first impression that since the informer did not testify, the judge's reference to the informer in his oral charge was harmless. My reason for so concluding was that the judge's statement could be error only if it amounted to a comment on the credibility of the informer as a witness. I think this reasoning would be good if the court had stopped short of the last sentence—the very sentence here assigned as error. But the court added the last sen-

**758**

tence: "If they didn't have informers sometimes they could never obtain the evidence." It was this additional instruction, in my opinion, that constitutes a comment upon the credibility of Officer Patterson's testimony. See Mays v. State, 45 Ala.App. 337, 230 So.2d 248 (1970); and 83 A.L.R.2d 1128.

I would grant the writ.

FAULKNER, J., concurs.