Ordinance breach by exhibiting, * * * selling, having in possession, etc., obscene matter. Fine, $50.00.
 I
The City's motion to affirm for lack of assignment of errors is not well taken. See former Supreme Court Rule 52, April 23, 1973, 290 Ala. XVII.
 II
Toward the end of the oral charge the trial judge said among other things:
 "* * * You will have with you the complaint in this case, and you will have with you during your deliberation the exhibits that have been offered in evidence. This is a sordid case, filthy in the view of the court, and I think it would be in the view of you jurors."
Defense counsel duly excepted and the Court responded:
 "I don't think that is necessary, but I think you will agree. Anyway, let it get in the record."
Unlike England and our Federal jurisdiction, Alabama does not let a judge *Page 222 
sum up the evidence on his own motion. The statute, T. 7, § 270, reads:
 "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."
See also McElroy on Evid. (2d ed) § 469.01; Summerlin v. State,40 Ala. App. 652, 120 So.2d 755, and Bertrand v. State,46 Ala. App. 631, 247 So.2d 386.
The comment being invasive of the jury's province in practically telling the jury how to decide the obscenity of the proferred material cannot be cosmeticized by application of the Harmless Error doctrine.
 III
Propter aliud examen, in view of the fluidity of the law of pornography we refrain from commenting on any other aspect of this record.
The judgment below is reversed. The appellant is not discharged but the cause is remanded for such further proceedings as the law requires.
REVERSED AND REMANDED.
All the Judges concur. *Page 557