The appellant, Charles Bernard Williams, was indicted by the Mobile County grand jury for the intentional killing of Mildred Barton. He was found guilty of murder and sentenced to life imprisonment in the state penitentiary.
The state's evidence tended to show that Phyllis Scott went to the apartment of her sister Mildred Barton and found the apartment ransacked and the body of her sister lying on the floor partially clothed. She had been severely beaten and strangled. A pathologist testified that Barton died between midnight and 3:00 a.m. on the night of July 1-2, 1986, from blunt force injuries to the head and from strangulation. The message "Charles York, Patricia Allen, hello" was written on the wall near the victim. Patricia Allen was the appellant's girlfriend. She had spent the night with Charles York on the night the victim was killed. Also, it was determined that a small television set was missing from the apartment.
At a point around 1:30 or 2:00 a.m. on the same morning, the appellant went to the apartment of Bonita Warmack to watch television. Warmack lived in the same *Page 180 
apartment building where the victim was killed. Warmack stated that she noticed nothing unusual about the appellant's appearance. He was carrying a bag in his arms and he stayed for several hours.
Between 12:30 and 1:30 a.m. on the night of the murder, a man carrying a grocery bag knocked at the door of Patricia Allen's apartment. Charles York informed Allen that someone was at the door, but neither of them answered the knock.
The appellant went to his mother's house the morning of July 2, 1986. He had a grocery bag and a small television set with him. Later that day he sold the television to a local pawn shop. It was later identified as the set missing from the victim's apartment. The appellant was arrested later on July 2, and gave two statements to the authorities.
The appellant testified in his own behalf and stated that he had gone to the victim's apartment to talk with her about problems he was having with his girlfriend. He stated that he had previously been to his girlfriend's apartment and could not get in. While at the victim's apartment he went to bed with her and afterwards became angry over a remark the victim made. He stated that he began beating her but that he did not remember choking her. He further stated that he did not intend to kill the victim and that he did not know she was dead until he was arrested the following afternoon. The appellant admitted ransacking the apartment, writing on the wall, taking the television set, and disposing of bloody clothes in a dumpster. The appellant also admitted a prior conviction of a crime involving moral turpitude.
 I
On appeal the appellant asserts that the trial court unlawfully charged the jury on the credibility of the defendant's testimony. The trial court charged the jury as follows:
 "The defendant testified as a witness in his own behalf in this case. And ordinarily I would instruct you that he has a right to have you consider his testimony just as you consider the testimony of other witnesses in the case. That means that you are not to stick your fingers in your ears or turn off your hearing aid when a defendant takes the stand and say I'm not going to listen to that man because he is the defendant in the case. But in this case, the evidence indicated that this man has a previous conviction on his record of robbery and our law says that where a person has been convicted of an offense involving moral turpitude that there is no longer a presumption that when he takes the oath to tell the truth, the whole truth and nothing but the truth and takes the stand and testifies that there is no longer a presumption that he is telling the truth. Ordinarily, every witness that takes this stand when he swears to tell the truth and takes the stand and testifies, there is a legal presumption that he will testify truthfully. But when it has been shown that a witness has been convicted in the past of a crime involving moral turpitude then that presumption of truthfulness no longer exists and is no longer binding on you. Now, that does not mean that you cannot believe the defendant if you wish despite this previous conviction. And incidentally, that was the only reason that that conviction was brought into this case, affecting this matter of the presumption of truthfulness on a sworn witness. The previous conviction was not put in this evidence to indicate that he's guilty or innocent in this case. It has nothing to do with it except as it affects that presumption of truthfulness on the defendant's part."
One of the duties of the trial court is to instruct the jury about the testimony of the accused. Banks v. State,448 So.2d 973 (Ala.Cr.App. 1984). Where there is evidence that an accused has been convicted of a crime involving moral turpitude, his credibility is questioned and a jury charge on that point is appropriate. Murphy v. State, 474 So.2d 771 (Ala.Cr.App. 1985). However, the trial court here asserts a legal presumption of truthfulness of witnesses' testimony. This is not the law and is error. *Page 181 
As stated in 81 Am.Jur.2d Witnesses § 657 (1976):
 "Although it is probably true that witnesses ordinarily tell the truth, there is, according to some authorities, no presumption of law that they do testify truthfully or that they testify falsely. . . ."
Also, VII Wigmore on Evidence § 2034 (Chadbourn revision 1978) states:
 "[T]he mere assertion of any witness need not be believed even though he is unimpeached in any manner, because to require such belief would be to give a quantitative and impersonal measure to testimony."
In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses. Harris v. State, 22 Ala. App. 121, 113 So. 318
(1927); Foster v. State, 37 Ala. App. 213, 66 So.2d 204 (1953). Neither is there a presumption that witnesses are telling the truth in the federal court system. Annot., 8 A.L.R. Fed. 314 (1971). In civil proceedings in this state, "[t]he court may state to the jury the law of the case and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties." § 12-16-11, Code of Alabama 1975.
Because no such presumption exists, we find the actions of the trial judge to constitute a comment on the weight and credibility of the evidence, which is unlawful in this state. "In charging the jury, it is the duty of the trial judge not to indicate, by the matter or manner of his charge, what his own views are as to the effect of the testimony." C. Gamble,McElroy's Alabama Evidence, § 469.01 (3d ed. 1977); see also,Pease v. Montgomery, 333 So.2d 221 (Ala.Cr.App. 1976);Summerlin v. State, 40 Ala. App. 652, 120 So.2d 755 (1960);Bertrand v. State, 46 Ala. App. 631, 247 So.2d 386 (1971); Maysv. State, 45 Ala. App. 337, 230 So.2d 248 (1970).
Rule 45, Alabama Rules of Appellate Procedure, provides in pertinent part:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
In the case now before this court, the appellant's defense directed itself solely to the element of intent. The only evidence offered in support of this defense was the testimony of appellant. When the trial court told the jury that because the accused admitted a prior conviction of a crime involving moral turpitude, he was no longer presumed to be telling the truth, the court erred. Such a presumption did not exist when the accused took the stand. Neither was it summarily removed by his admission of a prior conviction. Again, the weight and credibility to be afforded all testimony and evidence, including the testimony of the accused, are questions solely within the domain of the jury. The discretion taken from the jury by "presumption of truthfulness," or the removal of the same, unlawfully invades the province of the jury. We find that this instruction "probably injuriously affected substantial rights of the [accused]."
 II
Upon consideration of other issues raised by the appellant, we find that they are without merit.
For the reason set forth above, this case is due to be, and it hereby is, reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 182