Upon preliminary consideration, we granted the petition for the writ of certiorari to determine whether the opinion of the Court of Criminal Appeals in this case conflicts with the opinion in Williams v. State, 520 So.2d 179 (Ala.Cr.App. 1987).
Specifically, we granted the writ to determine whether the trial court erred to reversal *Page 255 
in its oral charge to the jury, when it stated:
 "We have a rule of law in this State that says that all witnesses who take the stand in a court of law are presumed under the law to speak the truth. Therefore, it is your duty to reconcile the testimony of all the witnesses so that all the witnesses are speaking the truth if it is possible for you to do so." (R.T. 308)
In Williams v. State the Court of Criminal Appeals held that it is error for the trial court to assert a legal presumption of truthfulness of witnesses' testimony. "This is not the law and is error." Id. at 181. The court said:
 "In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses. Harris v. State, 22 Ala. App. 121, 113 So. 318 (1927); Foster v. State, 37 Ala. App. 213, 66 So.2d 204 (1953). Neither is there a presumption that witnesses are telling the truth in the federal court system. Annot., 8 A.L.R. Fed. 314 (1971). In civil proceedings in this State, '[t]he court may state to the jury the law of the case and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties.' § 12-16-11, Code of Alabama 1975."
520 So.2d 179, 181 (Ala.Cr.App. 1987).
However, the stating of such a charge can be harmless error. Rule 45, A.R.App.P., states in pertinent part: "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
We have carefully reviewed the trial court's oral charge to the jury in Holifield's case in its entirety. From our review, we conclude that any error by the trial judge was cured by the complete charge and was therefore harmless and caused no prejudice to the defendant. "The fact that isolated instructions are erroneous or misleading is no ground for reversal where the instruction as a whole presents the case properly." Harris v. State, 412 So.2d 1278, 1281
(Ala.Cr.App. 1982). See, in accord, Touart v. State,562 So.2d 625 (Ala.Cr.App. 1989), Williams v. State, 538 So.2d 1250
(Ala.Cr.App. 1988), and Weaver v. State, [Ms. 1 Div. 748, December 1, 1989) ___ So.2d ___ (Ala.Cr.App. 1989).
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, HOUSTON, STEAGALL and KENNEDY, JJ., concur.