Joseph Langston Nelson was indicted for the offense of attempted murder. The jury found the appellant guilty of the lesser included offense of assault in the first degree. The appellant was sentenced to 20 years' imprisonment.
The appellant does not challenge the sufficiency of the evidence and, therefore, the facts of the case will be briefly stated. On the evening of February 1, 1990, in the Reedtown Community of Russellville, Alabama, Anthony Winston was stabbed twice in the chest by the appellant as a result of a disagreement over money. One of the stab wounds penetrated Winston's heart. Surgery was required to repair this wound and Winston would have died without surgical intervention.
 I
The appellant contends that the trial judge erred by denying his request for funds to hire a private investigator. In his motion requesting funds to hire a private investigator, the appellant stated that he needed the assistance of an investigator in locating witnesses. He said this was necessary because he was incarcerated prior to trial and, thus, he could not assist his attorney in locating the witnesses to this incident.
 "An accused is not deprived of due process of law when he offers 'little more than undeveloped assertions that the requested assistance would be beneficial.' Caldwell v. Mississippi [472] U.S. [320, 324] n. 1, 105 S.Ct. 2633, 2637 n. 1, 86 L.Ed.2d 231 [(1985)]. See also Ake v. Oklahoma
[470] U.S. [68], 105 S.Ct. 1087, 84 L.Ed.2d 53
(1985); Ex parte Grayson, 479 So.2d 76 (Ala. 1985)."
Hold v. State, 485 So.2d 801, 803 (Ala.Crim.App. 1986). Seealso McLeod v. State, 581 So.2d 1144 (Ala.Crim.App. 1990). The appellant made no further specific showing as to his need for a private investigator. Thus, we find that the trial court properly denied the appellant's request for funds for a private investigator.
 II
During the course of the trial, defense counsel elicited testimony from several police officers that they had had dealings with the victim and that he had a bad reputation for violence (R. 275, 364, 369, 372-73). In response, the prosecutor attempted to question one of the officers concerning the appellant's reputation for violence as compared to the victim's reputation for violence (R. 364-65). Defense counsel immediately objected and moved for a mistrial. The trial judge sustained the objection but overruled the motion for a mistrial. Later, over defense counsel's objections, *Page 508 
the prosecutor was allowed to elicit testimony from two of the police officers that they had had dealings with the appellant in their capacity as police officers (R. 369, 373).
"As a general rule, the prosecution may not take the initiative, in its case in chief, to introduce any kind of evidence as to the accused's evil character, disposition or reputation in order to establish probability of guilt." C. Gamble, McElroy's Alabama Evidence § 27.02(1) (3d ed. 1977).See Headley v. State, 51 Ala. App. 148, 283 So.2d 458 (1973);Stearns v. State, 266 Ala. 295, 96 So.2d 306 (1957). Therefore, the trial judge properly sustained defense counsel's objection to the prosecutor's question regarding the appellant's reputation for violence. We do not find that the trial judge abused his discretion by failing to grant a mistrial in this instance. Spears v. State, 500 So.2d 96 (Ala.Crim.App. 1986).
With regard to the prosecutor's questions to the police officers concerning their prior dealings with the appellant in their capacity as police officers,
 "[i]t is well settled law that the prosecution may not introduce evidence of a defendant's prior crimes for the purpose of showing the defendant's general bad character or his propensity to violate the law. Ex parte Weeks, 456 So.2d 404 (Ala. 1984); Ex parte Baldwin, 456 So.2d 129 (Ala. 1984). Although the questions asked by the prosecution in this case do not constitute a direct comment on the appellant's prior criminal record, the jury could have reasonably inferred that the appellant had previously been arrested for a different offense."
Lowe v. State, 514 So.2d 1042, 1048 (Ala.Crim.App. 1986), rev'don other grounds, 514 So.2d 1049 (Ala. 1987).
 "Where the 'other crime' alleged is not specified, it is more difficult for the defendant to refute the charge or to demonstrate its insignificance. Where the evidence is presented by innuendo, it is less likely that the jury will guard against manipulation. Therefore, the likelihood that a jury will draw an improper inference is even greater in a case like the one before us than it is in the traditional 'other crimes' case."
United States v. Shelton, 628 F.2d 54, 57 (D.C. Cir. 1980).
However, the trial court's error in admitting this evidence was rendered harmless by the appellant's subsequent admission during his testimony that he had been convicted of assault in the second degree. Lowe (error in allowing evidence of defendant's prior dealings with bonding company was harmless where defense brought out the fact that defendant had previously been arrested for burglary). See also Burlison v.State, 369 So.2d 844 (Ala.Crim.App.), cert. denied,369 So.2d 854 (Ala. 1979).
 III
During the prosecutor's closing argument the following occurred:
 "MR. HARGETT: It wasn't shown that Anthony was convicted of any felony, and who is guilty of being a violent person.
 "MR. BEASON: I object, again. That's not the purpose that's offered.
"THE COURT: I sustain the objection.
"MR. BEASON: Request a mistrial.
 "THE COURT: I overrule the motion for mistrial." (R. 461.)
The appellant argues that the trial court should have granted his motion for mistrial. We disagree. The defense introduced evidence that the appellant had been convicted of the offense of assault in the second degree. Further, on cross-examination by the prosecutor, the appellant stated, "I am violent." Defense counsel did not object to this testimony by the appellant. Therefore, the appellant cannot now object to the prosecutor's comment upon evidence to which he, himself, testified. Burlison. This issue is without merit.
 IV
During its oral charge to the jury, the trial court stated:
 "[T]he evidence in the case [is] that the defendant has a conviction, a prior felony conviction for assault in the second degree, *Page 509 
and our law says that where a person has been convicted of an offense involving moral turpitude such as this, that there is no longer a presumption that when he takes the oath to tell the truth, the whole truth and nothing but the truth and takes the stand and testifies, that there is no longer a presumption that he is telling the truth. Ordinarily every witness who takes the stand when he swears to tell the truth and testifies, there is a legal presumption that he or she will testify truthfully. But when it has been shown that a witness has been convicted in the past of a crime involving moral turpitude, then that presumption of truthfulness no longer exists and is no longer binding on you." (R. 468.)
The appellant contends the trial judge's charge on this matter was reversible error. As the appellant correctly points out, there is no presumption of truthfulness in Alabama, and such an instruction "is a derogation of the jury's exclusive right to determine the credibility of witnesses," Williams v.State, 520 So.2d 179, 181 (Ala.Crim.App. 1987). However, any error in giving a charge such as the one quoted above may be harmless, as it is in this case, when the court's oral charge is viewed in its entirety. See Ex parte Holifield,562 So.2d 254 (Ala. 1990); Touart v. State, 562 So.2d 625
(Ala.Crim.App. 1989); Sosa v. State, 591 So.2d 897 (Ala.Crim.App. 1991). Here, the court instructed the jury that it was to consider the appellant's testimony just as it would consider the testimony of other witnesses and that it could believe the appellant's testimony despite the appellant's previous conviction. Furthermore, the court instructed the jury that it was the sole judge in this case with regard to the credibility of the witnesses in this case and that it could accept or disregard any part of the testimony of the witnesses.
" '[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly.' " Sosa (quoting Williams). We have reviewed the court's instructions as a whole and find that any error in the charge quoted above was harmless as it was cured by the other portions of the court's oral charge.Sosa; Holifield; Touart.
 V
During the court's oral charge to the jury, the court gave an instruction on self-defense. The substance of the charge was that "[a] person may use deadly physical force in order to defend himself if he reasonably believes that the other person is using or about to use unlawful deadly physical force." (R. 474.) Following the court's charge to the jury, defense counsel stated, "[w]e object to the court's charge on self-defense in that it was incomplete, in that the court did not charge that a person may use deadly physical force in defending himself under these circumstances if he reasonably believes that such other person is in addition to using or about to use unlawful deadly physical force, but also if he believes [sic] that person is committing or about to commit assault in the first or second degree. The requested jury charge number 17." (R. 481.)
"The trial court may properly refuse a written requested charge which is not applicable to the evidence as presented at trial." Scanland v. State, 473 So.2d 1182, 1187
(Ala.Crim.App.) cert. denied, Scanland v. Alabama, 474 U.S. 1035,106 S.Ct. 602, 88 L.Ed.2d 581 (1985). Here, we find that any charge on self-defense was not applicable to the evidence which was presented at trial. While the appellant admitted that he punched the victim in the jaw, that he swung his knife at the victim and that he cut the victim's hand, he expressly denied stabbing or hitting the appellant in the chest with a knife. The indictment in this case charged that the appellant "did, with the intent to commit the crime of Murder (Section 13A-6-2
of the Code of Alabama) attempt to commit said offense by attempting to kill Anthony P. Winston by stabbing him in thechest with a knife, in violation of Section 13A-4-2 of the Code of Alabama." (R. 6.) (Emphasis added.) This act (the stabbing of the victim in the chest) is the basis of the *Page 510 
offense which was charged in the indictment. See R. 429, 439, 440, 441, 444, 445. We fail to see how the appellant can claim self-defense when he denies doing the act with which he is charged. The appellant was not on trial for cutting the victim's hand with a knife nor for punching the victim in the jaw. Thus, since the appellant denied committing the offense charged in the indictment, there was no reason for any charge on self-defense under the facts of this case. See Scanland.
The appellant further contends that the trial court erred by failing to instruct the jury on the offenses of menacing and reckless endangerment as lesser included offenses of attempted murder. Section 13A-1-9(a) provides, in pertinent part, as follows:
 "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
The offense of attempted murder is established by showing that, with intent to commit murder, the appellant did some overt act toward the commission of that offense. § 13A-4-2(a), Code of Alabama 1975. "A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury." Menacing encompasses the situation where " 'physical injury' is neither inflicted nor intended." Commentary, §13A-6-23, Code of Alabama 1975. Thus, the trial judge correctly refused to charge the jury on the offense of menacing because under the evidence presented at trial, physical injury was inflicted. Compare Turner v. State, 542 So.2d 1314
(Ala.Crim.App.), cert. denied (Ala. 1989).
"A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." § 13A-6-24, Code of Alabama 1975. The offense of reckless endangerment "is applicable to reckless conduct which creates a substantial risk of, but does not result in, serious physical injury." Commentary, § 13A-6-24, Code of Alabama 1975. The evidence in this case showed that the appellant and the victim got into an argument about money. At some point during the argument, the appellant took out his knife and stabbed the victim twice in the chest. The wounds received by the appellant were life-threatening. Therefore, the trial properly refused to charge the jury on reckless endangerment under the facts of this case. Compare Turner.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.