595 So.2d 510 (1991)
Ex parte Joseph Langston NELSON.
(Re Joseph Langston Nelson v. State).
1901453.
Supreme Court of Alabama.
December 13, 1991.
*511 Eddie Beason of Fine & McDowell, Russellville, for petitioner.
James H. Evans, Atty. Gen., and Yvonne A. Henderson, Asst. Atty. Gen., for respondent.
KENNEDY, Justice.
In Alabama, when a witness takes the stand and swears to tell the truth and then testifies, there is no legal presumption that he or she testifies truthfully. Such an instruction to a jury would constitute error.
The petitioner, Joseph Langston Nelson, was indicted for the offense of attempted murder. Following a jury trial, Nelson was found guilty of the lesser included offense of first degree assault, and he was ultimately sentenced to 20 years' imprisonment. On appeal, the conviction was affirmed by the Court of Criminal Appeals. 595 So.2d 506.
On Thursday, February 1, 1990, Anthony Winston, the victim, went into the Washington Court housing project in the Reedtown Community of Russellville, Alabama. Upon arrival he was approached by Nelson, who requested a sum of money. Winston refused to give Nelson any money, and left. Later that day Nelson met Winston again and made a similar demand. A dispute ensued, and Winston shoved Nelson from the back. Nelson turned and struck Winston with his fist. He then drew a knife and began swinging it. Nelson admits to swinging the knife and cutting Winston's hand but denies inflicting wounds to his chest. Winston fled the scene and was rushed to a hospital, where he underwent surgery for two puncture wounds to his hand and chest.
At trial, the court charged the jury in pertinent part as follows:
"[T]he evidence in the case [is] that the defendant has a conviction, a prior felony conviction for assault in the second degree, and our law says that where a person has been convicted of an offense involving moral turpitude such as this, that there is no longer a presumption that when he takes the oath to tell the truth, the whole truth and nothing but the truth and takes the stand and testifies, that there is no longer a presumption that he is telling the truth. Ordinarily [as to] every witness who takes the stand [and] swears to tell the truth and testifies, there is a legal presumption that he or she will testify truthfully. *512 But when it has been shown that a witness has been convicted in the past of a crime involving moral turpitude, then that presumption of truthfulness no longer exists and is no longer binding on you."
(R. 468).
The Criminal Court of Appeals relied on Williams v. State, 520 So.2d 179 (Ala.Cr. App.1987), in reaching its decision. In that case, the trial court gave an almost identical jury charge. In deciding Williams, Judge Taylor stated:
"In Alabama there is no presumption that a witness is telling the truth. An instruction asserting such is a derogation of the jury's exclusive right to determine the credibility of witnesses. Harris v. State, 22 Ala.App. 121, 113 So. 318 (1927); Foster v. State, 37 Ala.App. 213, 66 So.2d 204 (1953). Neither is there a presumption that witnesses are telling the truth in the federal court system. Annot., 8 A.L.R.Fed. 314 (1971). In civil proceedings in this state, `[t]he court may state to the jury the law of the case and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties.' § 12-16-11, Code of Alabama 1975."
520 So.2d at 181.
In this case, however, the Court of Criminal Appeals held the charge to be harmless error. Although error, the giving of a charge like the one in this case can be found to be harmless error when viewed in light of the entire charge.
"[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instruction as a whole presents the case properly.... Where a portion of the oral charge is erroneous or misleading, the whole charge may be looked to, and the entire charge must be construed together to see if there be reversible error."
Harris v. State, 412 So.2d 1278, 1281 (Ala. Cr.App.1982).
Rule 45, A.R.App.P., states in pertinent part:
"No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Several decisions have held that, when a jury was charged that there is a presumption of truthfulness on the part of a sworn witness, the error was harmless. See, in accord, Touart v. State, 562 So.2d 625 (Ala.Cr.App.1989), Williams v. State, 538 So.2d 1250 (Ala.Cr.App.1988), and Weaver v. State, 568 So.2d. 309 (Ala.Cr. App.1989). In those cases, however, the trial courts further instructed the jurors that it was their duty to use that presumption to reconcile the testimony. In the case before us, the trial court's instructions contained no such clarifying language.
In this case, as in Williams, the trial court asserts a legal presumption of the truthfulness of a witness's testimony. By erroneously charging the jury that a witness is presumed to tell the truth and then compounding this error by charging the jury that, because Nelson had previously been convicted of a crime involving moral turpitude, there was no longer a presumption that he would tell the truth, the trial court prejudiced Nelson. This constitutes a comment on the weight and credibility of the evidence, which is impermissible. "In charging the jury, it is the duty of the trial judge not to indicate, by the matter or manner of his charge, what his own views are as to the effect of the testimony." C. Gamble, McElroy's Alabama Evidence, § 469.01 (3d ed. 1977); see also Pease v. Montgomery, 333 So.2d 221 (Ala.Cr.App. 1976); Summerlin v. State, 40 Ala.App. 652, 120 So.2d 755 (1960); Bertrand v. State, 46 Ala.App. 631, 247 So.2d 386 (1971); Mays v. State, 45 Ala.App. 337, 230 So.2d 248 (1970).
"Such a presumption did not exist when the accused took the stand. Neither was it summarily removed by his admission *513 of a prior conviction. Again, the weight and credibility to be afforded all testimony and evidence, including the testimony of the accused, are questions solely within the domain of the jury. The discretion taken from the jury by `presumption of truthfulness,' or the removal of the same, unlawfully invades the province of the jury."
Williams v. State, 520 So.2d 179 (Ala.Cr. App.1987).
We have carefully reviewed the trial court's oral charge to the jury in its entirety. From this review, we conclude that the error was not cured by the entire charge but was compounded and was therefore prejudicial to Nelson. Therefore, we hold that that error "probably injuriously affected substantial rights of the accused." Rule 45, A.R.App.P.
We conclude that once the jury was told that one who takes the oath is presumed to tell the truth, but that this defendant was not presumed to tell the truth, because of a prior felony conviction, no amount of instruction to the contrary could have erased that thought from the minds of the jurors.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS and INGRAM, JJ., concur.
STEAGALL, J., concurs in the result.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
The oath and the perjury penalty are "prophylactic rules" of "auxiliary probative policy" that seek "to remove, before the evidence is introduced, such sources of danger and distrust as experience may have shown lurk in it." 4 J. Wigmore, Evidence § 1172 (Chadbourn Rev.1972).
"The oath, which can be traced back to Germanic law and custom, and in this state to § 2301 of the Alabama Code of 1852, now Ala.Code 1975, § 12-21-135, pits a witness's motive to falsify against his fear of divine punishment, and tends to make it less likely that he will bear false witness. The perjury penalty tends to make it less likely that a witness will testify falsely, by adding fear of temporal punishment to that of divine punishment."
Ex parte Frazier, 562 So.2d 560, 566 (Ala. 1989).
I think that there is a legal presumption that a witness, who is sworn to tell the truth and who testifies, testifies truthfully. The oath and the penalty for perjury are two prophylactic rules that have been promulgated to assure, and are time-honored in assuring, that truth, "which is the sine qua non of a fair trial,"[1] "will out." I would overrule cases that hold that it is error to instruct a jury that there is a legal presumption that every witness who takes the witness stand and is sworn to tell the truth, the whole truth, and nothing but the truth, testifies truthfully.
NOTES
[1] Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628, 1631, 14 L.Ed.2d 543 (1965).