L.C. Hall, Jr. was indicted for attempted murder and burglary in the first degree. The two indictments were consolidated for trial. The appellant was found guilty of the burglary charge and sentenced to life imprisonment. He was also found guilty of menacing as a lesser included offense of attempted murder and sentenced to one year in the county jail for this.
After the trial of this case, the appellant filed two pro se motions to arrest judgment. In his motions the appellant contends he was denied the effective assistance of counsel alleging, among other things, that his trial counsel failed to ascertain that one of the jurors in this case was related to the victims and that his attorney would not let him testify at his trial in his own behalf. Both of the appellant's motions were denied without a hearing.
The allegations contained in the appellant's motions are serious and will most likely be raised again at a later time (i.e., by a petition for collateral post-conviction relief) if they are not addressed here. However, there are insufficient facts contained in this record to allow us to adequately address these allegations. Thus, in light of the above facts, we find it necessary to remand this cause to the trial court with directions that an evidentiary hearing be held concerning the allegations raised in the appellant's pro se motions to arrest judgment.
After such a hearing has been held, the trial court shall forward to this court for review a transcript of the hearing and the trial court's written findings of fact concerning the appellant's allegations. Deerman v. State, 466 So.2d 1013, 1018
(Ala.Crim.App. 1984), cert. denied, 466 So.2d 1020 (Ala. 1985); Bennett v. State, 410 So.2d 138 (Ala.Crim.App.), cert. denied, 410 So.2d 139 (Ala. 1981); Delevie v. State,454 So.2d 1044, 1048 (Ala.Crim.App. 1984).
We must also note that the motions were denied by the same trial judge who several months earlier presided over the appellant's trial. Thus, the trial judge may well have denied these motions based on facts within his own personal knowledge of this case. If such was the case, the trial court should make a written statement of those findings and forward such to this court. Hayes v. State, 417 So.2d 579, 580 (Ala.Crim.App. 1982). In this event, an evidentiary hearing on the appellant's allegations may be unnecessary.
This cause is remanded to the trial court with the instructions as outlined above.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return to Remand