This is an appeal by Larry E. Turner of his conviction for the offense of attempted murder. After being found guilty by a Shelby County jury, he was sentenced to life imprisonment without parole.
The record shows that, on the night of March 19, 1986, Officer Rickey Wash of the Pelham Police Department observed a pickup truck traveling at a high rate of speed. He tried to stop the truck, but was unsuccessful. He pursued the truck in his police car and, eventually, the vehicle entered onto Interstate Highway 65. At times, the truck reached speeds in excess of 100 miles per hour. Officer Wash radioed for assistance, and Officer Jesse Payne of the Calera Police Department responded. Officer Payne, in his police car, entered onto Interstate 65 ahead of, and traveling in the same direction, as the truck. He planned to try to stop the truck by staying in front of it and gradually slowing down. During the chase, the driver of the pickup truck and Officer Wash passed at least 30 cars, and they had to change lanes at least 12 times to get around some of the vehicles. As the truck approached Officer Payne's police car, it became apparent to Payne that it was not going to slow down, so Officer Payne pulled over into the right lane to allow it to pass. Five or ten seconds later, when the truck was even with the rear fender of Officer Payne's car, the driver swerved over and hit Payne's vehicle. The driver lost control of the truck. Officer Payne's police car came to rest on the shoulder of the highway, and the truck crashed into a small stand of trees beside the highway. The police officer emerged from his vehicle "a little bit nervous and shook up," but not physically injured. The driver of the truck, who was later identified as this appellant, fled into the woods on foot, but was apprehended later that night. Officer Payne and another officer noticed an odor of alcohol about appellant's person. When questioned, after hisMiranda warning, appellant explained that he fled from Officer Wash because "he had just gotten out of jail and he didn't want to go back." He was also asked why he hit the Calera police car. In response, he stated that "the car shouldn't have gotten out in front of him and tried to stop him" and that the police "shouldn't be trying to mess with him."
The sole defense witness testified that, during a period of approximately four hours prior to the wreck, appellant drank three six-packs of beer, a pint of gin, and more than a half pint of Seagram's Seven whiskey.
We find it necessary to address only one of appellant's five issues, which is as follows: Appellant contends that the trial court erred by refusing to instruct the jury on the elements of the crimes of menacing and reckless endangerment, arguing that they are lesser included offenses of attempted murder.
In order to convict a defendant of attempted murder, the prosecution must prove that, with intent to commit murder, the defendant did some overt act toward *Page 1316 
the commission of that offense. § 13A-4-2(a), Code of Alabama 1975. Menacing is established by showing that a person, by physical action, "intentionally places or attempts to place another person in fear of imminent serious physical injury." §13A-6-23(a). Reckless endangerment is established by showing that a person "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." § 13A-6-24(a). Section 13A-1-9(a) provides, in pertinent part, as follows:
 "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
The evidence presented in the instant case supports a rational basis for finding that appellant, while intoxicated, drove a truck, at a high rate of speed, into Officer Payne's car. This evidence alone would have been sufficient to establish the commission of the offense of reckless endangerment. The evidence further showed that appellant's truck made contact with Officer Payne's police car and, from this and other evidence presented, the jury obviously inferred, as it was its prerogative to infer, that appellant intended to kill Officer Payne. However, from these same facts, the jury could also have determined that appellant intended only to place Officer Payne in fear and, in that case, could have found him guilty of menacing. The evidence adduced at trial in support of the elements of attempted murder also established the offenses of menacing and reckless endangerment; it is apparent that both of these offenses could be proved by showing the same facts, or fewer than all of the facts, necessary to prove the elements of the offense of attempted murder. Ex parteJordan, 486 So.2d 485 (Ala. 1986); § 13A-1-9(a)(1). See also Leev. State, [Ms. 1 Div. 440, November 10, 1988] (Ala.Cr.App. 1988). "Where there is a 'reasonable theory' from the evidence which would support a jury charge on a lesser included offense, the accused is entitled to the charge.Williams v. State, 474 So.2d 178 (Ala.Cr.App. 1985)." Kennedy v.State, 494 So.2d 792, 794 (Ala.Cr.App. 1986). Clearly, the evidence presented in this case would have supported instructions on both menacing and reckless endangerment as lesser included offenses of the offense of attempted murder, and the trial court committed reversible error by refusing to give such instructions.
Accordingly, the judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.