TAYLOR, Judge.
The appellant, Rodney Don Campbell, was indicted for attempted murder and was found guilty of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment in the penitentiary and was fined $2,500.
I
The appellant initially argues that the court erred in denying his motion for a new trial because, he says, the verdict rendered against him was inconsistent with the verdict rendered against his codefendant, his wife. The appellant and his codefendant were tried jointly; the appellant was found guilty of assault in the first degree and his co-defendant was found guilty of assault in the second degree. We do not agree that the verdicts are inconsistent. However, inconsistent verdicts between codefendants who are tried together are not automatically grounds for reversal. As this court recently stated:
“Our research reveals no Alabama cases addressing the issue of whether inconsistent verdicts between codefendants who are tried together requires reversal. However, the United States Court of Appeals for the Eleventh Circuit, ruling in an Alabama case, held, With respect to any possible inconsistency in the jury’s verdict, the law is clear: “[ijnconsistency in a verdict ... is not a sufficient reason to set it aside,” ’ provided there is ample evidence to support the jury’s conclusions. United States v. Alexander, 850 F.2d 1500, 1505-06 (11th Cir.1988) (quoting United States v. Alvarez, 755 F.2d 830, 852 (11th Cir.), cert. denied, 474 U.S. 905, 106 S.Ct. 274, 88 L.Ed.2d 235 (1985), 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 380 (1987)). See also, United States v. Dempewolf, 817 F.2d 1318, 1323 (8th Cir.1987) (inconsistent jury verdicts as to codefendants are not grounds for reversal). ‘Juries are free to return inconsistent verdicts, for whatever reason, provided their convictions are supported by adequate evidence.’ United States v. Gordon, 780 F.2d 1165, 1176 (5th Cir.1986); United States v. Merida, 765 F.2d 1205, 1220 (5th Cir.1985).”
Goodwin v. State, 641 So.2d 1289, 1292 (Ala.Cr.App.1994).
There was sufficient evidence presented for the jury to find, beyond a reasonable doubt, that the appellant committed the offense of assault in the first degree. The state’s evidence tended to show that on June 27, 1992, Greg Sims was shot in the head outside the Stop-N-Shop, a convenience *71 store and gas station, in B allplay, Alabama. Greg Sims underwent extensive brain surgery and remained in the hospital for three months. As a result of the injuries suffered during the shooting, the victim is confined to a wheelchair, has no bowel or bladder control, and can move only one hand.
David Sims, the victim’s nephew, testified that he was inside the Stop-N-Shop buying beer when the appellant came in and said that he wanted to see him outside. David Sims walked out of the store and saw the appellant fighting with Greg Sims. He handed Greg a knife, which he testified was “blunt” and would not cut, and saw Greg push it towards the appellant. They then stopped fighting and Greg backed away from the appellant, holding the knife down by his side. The appellant’s wife then appeared, pointing a gun at Greg and telling him to back away from the appellant. The appellant was telling his wife to shoot Greg. The appellant then grabbed the gun from his wife, pointed the gun at Greg Sims, and shot him in the head.
Jerry Capes was at the Stop-N-Shop filling his car with gas when the shooting occurred. He testified that he saw the appellant push the victim through a window at the Stop-N-Shop and then saw the appellant shoot the victim in the head. He did not see a knife. He testified that when the shooting occurred, the victim and the appellant where standing about 6 to 8 feet apart.
Although the verdict rendered for the appellant and that rendered for his codefendant were not the same, they were not “inconsistent verdicts.” There was sufficient evidence presented to support the verdict as to each codefendant and no reversal is required here. Goodwin.
II
The appellant next contends that the court erred in failing to instruct the jury on his requested charge on reckless endangerment.
“An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973).” McMillian v. State, 594 So.2d 1253, 1267 (Ala.Cr.App.1991), remanded on other grounds, 594 So.2d 1288 (Ala.), on remand, 594 So.2d 1289 (Ala.Cr.App.1992).
Thus, we must determine whether under the facts of the case, there is a reasonable theory from the evidence to support the theory that reckless endangerment was a lesser included offense of attempted murder.
“ A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.’ Ala.Code 1975, § 13A-6-24(a). Under the facts presented here, reckless endangerment was not a lesser included offense of attempted murder because the appellant — under any interpretation of the testimony — did not commit the type of conduct constituting reckless endangerment.
“The offense of reckless endangerment embraces such conduct as:
“ ‘[r]eckless driving[,] ... dangerous conduct with firearms[,] ... throwing objects at common carriers, dropping objects from toll bridges, placing equipment within six feet of a high voltage wire, shooting at an unoccupied building, shooting at an aircraft, placing an obstruction on railway tracks, tampering with a railroad safety appliance, and throwing substances likely to [injure] persons on public highways.’
“A.L.I. Model Penal Code § 211.2 (1980) (footnotes omitted). See also, Turner v. State, 542 So.2d 1314 (Ala.Cr.App.1989), where this Court held that in a prosecution for attempted murder, the accused was entitled to a charge on reckless endangerment when the evidence was that he, while intoxicated, drove his vehicle into a police car.”
Minshew v. State, 594 So.2d 703, 713 (Ala.Cr.App.1991). Cf. Stennet v. State, 564 So.2d 95 (Ala.Cr.App.1990); Turner v. State, 542 So.2d 1314 (Ala.Cr.App.1989); Free v. State, 455 So.2d 137 (Ala.Cr.App.1984).
The Commentary to the reckless endangerment statute, § 13A-6-24, Code of Ala *72 bama 1975, states: “Reckless endangerment is a new crime and is applicable to reckless conduct which creates a substantial risk of, but does not result in, serious physical injury.”
The court did not err in not instructing the jury on reckless endangerment because under the facts of the case there was no rational basis for a verdict convicting the appellant of the offense of reckless endangerment. § 13A-l-9(b), Code of Alabama 1975.
Ill
The appellant further contends that the court misstated the law in its instruction to the jury on the law of self-defense. The court gave the following instruction:
“The defendants in this case claim self-defense and that is an issue for the jury to consider. A person may use physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person and he may use a degree of force which he reasonably believes to be necessary for that purpose. A person may use deadly physical force in order to defend himself if he reasonably believes that the other person is using or about to use unlawful deadly physical force. Now, for the defendant’s use of a deadly physical force against another person to be justified, the deadly physical force must have been used under the following circumstances: The defendant must have reasonably believed that Greg ‘Mo’ Sims, in this case, was using or about to use deadly physical force against himself or a third person. Deadly physical force is force which, under the circumstances in which it is used, is readily capable of causing death or serious physical injury.
“A reasonable belief is a belief formed in reliance upon reasonable appearances. It is a belief not formed recklessly or negligently. The test of reasonableness is not whether the defendant was correct in his belief but whether the belief was reasonable under the circumstances existing at the time.
“The defendant is not justified in using deadly physical force upon another person and cannot prevail on that issue of self-defense if it reasonably appears or the defendant knows that he can avoid the necessity of using such force with complete safety by retreating. The defendant does not have the burden of proving that he acted in self-defense. To the contrary, once self-defense becomes an issue, the State has the burden of proving, beyond a reasonable doubt, that the defendant did not act in self-defense.”
(R. 489-91.)
Thereafter, the court read several written requested charges to the jury. The appellant’s requested charge number 19 was read to the jury. It states:
“I charge you, ladies and gentlemen of the Jury, that with regard to proof of self-defense, that once the State adduces sufficient evidence to make out a prima facie case, in order for the Defendants to be entitled to an acquittal on a plea of self-defense they must offer evidence which, when considered with all the other evidence, will produce in the minds of the Jury a reasonable doubt as to their guilt, and I charge you, ladies and gentlemen of the Jury, that after hearing all the evidence in the case you are reasonably satisfied from the evidence that the plea of self-defense is good and has raised a reasonable doubt in your mind, then you should acquit the Defendants.”
It is this requested charge that the appellant now contends is “confusing, misleading, and positively erroneous.” He contends that it incorrectly placed the burden of proof on him rather than on the state. However, the appellant cannot request a jury instruction and then contend that the instruction was in error. The error in such a case is invited error. Phillips v. State, 527 SoJld 154 (Ala.1988).
The appellant objected to the court’s instructions to the jury, arguing that the court had instructed the jurors that they could find the appellant guilty if they were “reasonably satisfied from the evidence” that the appellant was guilty rather than being *73 satisfied beyond a reasonable doubt that the appellant was guilty. Although the court had not instructed the jury that it only had to be reasonably satisfied that the appellant was guilty, the court nevertheless reinstructed the jury stating:
“And, finally, if I told you, at any time, that if you’re reasonably satisfied from the evidence, then you could find the defendant guilty, then I was in error and the burden of proof in a criminal case is beyond a reasonable doubt.”
(R. 507.)
The appellant contends that this clarifying instruction was not sufficient to correct the court’s error. The court, however, did not err. The court gave the instruction that the appellant requested. The court did not instruct the jurors that the burden of proof in the ease required only that they be “reasonably satisfied” that the appellant was guilty. Therefore, the court’s clarifying instruction was merely a correct restatement of the law that had been previously explained to the jury.
IV
The appellant finally contends that the court erred in excluding certain evidence that the appellant contends was “material and relevant to the issue of whether or not he reasonably believed the use of deadly force to be necessary at the time of the alleged offense.” The appellant sought to present evidence that someone had fired a gun at the appellant’s house and truck and that a friend of the victim’s had threatened to burn the appellant’s house.
“ ‘[IJn order to be admissible as evidence in a prosecution for homicide a threat by the deceased should indicate an intention to take the life of the person threatened, or to do him great bodily harm.... Nor is a threat by the deceased to attack the habitation of the accused a threat against his person which can be taken into consideration in a prosecution for homicide, on an issue of self-defense.’ F. Wharton, The Law of Homicide § 253, p. 417 (3rd ed. 1907).”
Morgan v. State, 518 So.2d 186, 189 (Ala.Cr.App.1987). (Emphasis added.)
The evidence excluded by the court did not relate to any threats made directly by the victim. The evidence that the appellant sought to present concerned threatening acts by an unknown gunman and an alleged verbal threat by a friend of the victim. “On an issue of self-defense, the accused may prove that, prior to the homicide or assault with which he is charged, he was threatened by the victim.” C. Gamble, McElroy’s Alabama Evidence § 63.01(4) (4th ed. 1991) (emphasis added) (footnote omitted). As this court stated in Nichols v. State, 505 So.2d 1300, 1302 (Ala.Cr.App.1987):
“In Smith v. State, 393 So.2d 529, 531-32 (Ala.Cr.App.1981), we stated, the following:
“ ‘While antecedent circumstances tending to shed light on the criminal transaction or elucidate the facts connected therewith are admissible in evidence against the accused, Pope v. State, 365 So.2d 369 (Ala.Cr.App.1978), “(antecedent acts of third persons which apparently have no connection with the commission of the crime by the accused are not admissible, unless their connection and relevancy are made apparent by other facts introduced or offered to be introduced in evidence.” 22A C.J.S. Criminal Law, Section 606 (1961).’
“As explained at 22A C.J.S. Criminal Law, § 602 (1961):
“ ‘As a general rule, connection with accused must be shown to render evidence admissible against him.
“ ‘The rule “res inter alios acta” forbids the introduction of collateral acts which by their nature are incapable of affording any reasonable presumption or inference as to the principal matter in dispute. Evidence as to acts, transactions, or occurrences to which accused is not a party, or as to other matters with which he is not shown to have any connection, being res inter alios acta, is inadmissible, unless it is so interwoven with other relevant evidence as to make it impossible to try the case without admitting it.’ (Footnotes omitted.)”
See also Armstead v. State, [Ms. CR-93-748, September 9, 1994] — So.2d — (Ala.Cr.App.1994). The court correctly excluded the *74 evidence i’elating to threats made by someone other than the victim.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
AH the Judges concur.