BURKE, Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse Moore’s conviction and to render a judgment of acquittal in favor of Moore. Specifically, I disagree with the main opinion’s conclusion that Ex parte Pate, 145 So.3d 733 (Ala.2013), mandates that outcome. My reading of Pate indicates that the holding of the Supreme Court is based upon, and limited to, the very distinct facts of that case.
As the main opinion correctly states, in Pate, the Alabama Supreme Court provided little analysis concerning what satisfies the “physical-action” element of , the menacing statute. However, the Supreme Court did not abrogate the crime of menacing; thus, it is the duty of this Court to provide guidance as to what now .constitutes an offense under § 13A-6-23(a), .Ala. Code 1975.
Section 13A-6-23(a), Ala.Code 1975, provides:
“A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
“Although the question whether the offender’s conduct evoked fear in the victim is relevant, the focus is on the offender’s culpability, his conduct, and his purpose— not the subjective perception or reaction of the victim.” Hoffman v. City of Montgomery, 863 So.2d 127, 130 (Ala.Crim.App.2003). Also, under the menacing statute, “ ‘[ljanguage, whether abusive or obscene, is not “physical action.” ’ ” Lansdell v. State, 25 So.3d 1169, 1182 (Ala.Crim.App. 2007) (quoting Ex parte N.W., 748 So.2d 190, 193 (Ala.1999)).
Reviewing some of this Court’s prior cases involving menacing, I find that the physical-action element of the menacing statute is satisfied when the defendant shows a device to an officer, tells the officer that the device is a bomb,, straps the device to his waist, indicates the device has a mercury switch, lays the device down, and then runs toward the device after the officer attempts to use a stun gun on him. Hiler v. State, 44 So.3d 535 (Ala.Crim.App.), rev’d on other grounds, 44 So.3d 543 (Ala.2009). The physical-action element of the menacing statute is also satisfied when the defendant points a pistol at an officer’s head and then hesitates when, he is ordered to drop the weapon. Oliver v. City of Opelika, 950 So.2d 1229, 1233 (Ala.Crim. App.2006). Furthermore, the physical-action element of the menacing statute is satisfied when the defendant, who was wearing a mask, fires a gunshot, knocks in a door of an occupied house, and then fires another gunshot. Hall v. State, 527 So.2d 1333, 1336-37 (Ala.Crim.App.1986). Additionally, the physical-action element of the menacing statute is satisfied when the defendant brandishes a pistol while threaten *1005 ing the lives of several juveniles. Henry v. State, 714 So.2d 1002, 1006 (Ala.Crim.App.1998). Further, the physical-action element of the menacing statute is satisfied when the defendant, while intoxicated, drives a vehicle at a high rate of speed and swerves and hits the victim’s vehicle. Turner v. State, 542 So.2d 1314, 1316 (Ala.Crim.App.1989).
In Pate, the Supreme Court held only that lawfully arming oneself, or “getting the gun, without more, was not sufficient to establish the physical-action element of menacing.” 145 So.3d at 738. In Pate, the City of Tuscaloosa presented evidence indicating that, in addition to arming himself, Pate took other actions that were specifically directed at the victim. However, it appears that the Supreme Court believed that the trial court — the finder of fact in Pate’s nonjury trial — did not make factual findings concerning that evidence. The Supreme Court believed that the trial court’s finding concerning the satisfaction of the physical-action element of the menacing statute was limited solely to the fact that Pate lawfully armed himself; thus, the Supreme Court limited its holding to that one action. The Supreme Court then appears to hold that that single action alone cannot satisfy the physical-action element of the menacing statute. Apparently, as a matter of law, merely lawfully arming oneself, without more, cannot place another person in fear of imminent serious physical injury.
In the present case, as set forth in the main opinion, there was evidence indicating that Moore committed acts in addition to merely arming himself -with the metal pipe. In addition to arming himself, Moore walked toward West until he was only 15-20 feet away, made a statement to West in a threatening manner, and then raised the metal pipe above his shoulders “kind of like a batter.” From that threatening posture, Moore could have easily thrown the pipe at West or otherwise hit him with the pipe in a matter of seconds. Considering the entirety of the circumstances in this particular case, I find that the jury could have found that the physical-action element of the menacing statute was satisfied. Therefore, I would affirm Moore’s conviction.
Based on the foregoing, I respectfully dissent, and I invite our Supreme Court to provide guidelines concerning the application of Pate.